ILLINI FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff-Appellant, v. THOMAS E. DOERING *et al.*, d/b/a Ban Dor Investments, *et al.*, Defendants-Appellees.

Fifth District   No. 5—86—0712

Opinion filed November 6, 1987.

R. W. McGovern, of R. W. McGovern, Ltd., and James H. Bandy, of James H. Bandy, Ltd., both of Belleville, for appellant.

P. Michael Kimmel, of Gilbert, Kimmel, Huffman & Prosser, Ltd., of Carbondale, for appellees Jerry J. Lanting and Cornelia Lanting.

JUSTICE LEWIS delivered the opinion of the court:

The instant appeal arises out of a mortgage foreclosure proceeding in which the trial court, after entering an order "approving deficiency and sheriff's report of sale and distribution" of the mortgaged property, granted the motion of certain of the defendants-mortgagors to set aside the order approving deficiency. The trial court set an evidentiary hearing to determine the value of the property, and the plaintiff-mortgagee filed this interlocutory appeal pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308). The issue on appeal, as certified by the trial court, is "whether[,] in a foreclosure proceeding[,] the trial court can set aside a personal deficiency judgment against one or more defendants and order an evidentiary hearing, the purpose of which [is] to determine the actual valuation of the foreclosed real estate." We reverse.

On August 13, 1985, the plaintiff, Illini Federal Savings & Loan Association, filed a complaint of foreclosure against the several defendants, who had various interests in the mortgaged property. On May 12, 1986, the court entered a stipulated order wherein the parties agreed that the plaintiff was owed the amount of $755,197.73 on its promissory note, which was secured by the mortgage being foreclosed. In its judgment of foreclosure and sale entered on May 20, 1986, the trial court found the total amount due, including costs and attorney fees, to be $776,538.78.

On July 15, 1986, the foreclosed premises were sold at a sheriff's sale, at which the plaintiff was the only bidder. The plaintiff's bid of $500,000 was accepted by the sheriff. On that same day the sheriff

submitted his report of sale and distribution, which showed a deficiency in the amount of $276,538.78. The report further stated that, upon approval by the court, the property would be sold to the plaintiff and a certificate of sale would be issued and recorded. The trial court entered an order approving the deficiency and the report of sale on July 15, 1986.

On July 26, 1986, defendants Jerry and Cornelia Lanting filed a motion to set aside the order approving deficiency. In their motion, the Lantings objected to the amount of the deficiency, alleging that, during the foreclosure action, the plaintiff had procured an appraisal of the mortgaged premises valuing the property at $700,000. The Lantings maintained that, by reason of this appraisal, the

> "deficiency should have been established in the amount of the actual value of the property, being $700,000, less the amount owed, establishing a deficiency in the amount of $76,538.78."

The Lantings requested that the order approving deficiency be vacated, that the court hold an evidentiary hearing to establish the actual value of the premises, and that

> "the deficiency be established as the difference between the actual value of the premises and the amount owed, and in an amount not to exceed $76,538.78."

A hearing was held on the Lantings' motion, after which the court vacated the deficiency judgment and set the cause for an evidentiary hearing to determine the value of the premises. The plaintiff subsequently filed an appeal from that order pursuant to Rule 308.

In arguing that the trial court's order vacating the deficiency judgment was proper, the Lantings assert that the trial court had the authority, under its equitable powers in supervising mortgage foreclosure sales, to set aside the deficiency and "establish it at an amount to be determined by the value of the property." They assert, therefore, that the trial court, upon their allegation of inadequate sale price, properly ordered an evidentiary hearing to determine the value of the property so as to set the deficiency based upon the court's determination of value. The Lantings contend that the court's action was necessary to prevent a double recovery by the plaintiff-mortgagee, which would result if the plaintiff were allowed to bid less than the value of the property and then collect the remaining deficiency from the defendants-mortgagors.

■ Under the statute relating to mortgage foreclosure actions (Ill. Rev. Stat. 1985, ch. 110, par. 15—101 *et seq.*), a deficiency judgment may be obtained against persons liable on the mortgage

> "if the sale of the mortgaged premises fails to produce a suffi-

cient amount to pay the amount found due in the judgment [of foreclosure], together with interest thereon and all costs of the action and expenses of sale." (Ill. Rev. Stat. 1985, ch. 110, par. 15—112.)

Thus, the statute provides for a deficiency judgment in an amount equal to the difference between the sale price and the debt sued upon. (See *Bank of Benton v. Cogdill* (1983), 118 Ill. App. 3d 280, 454 N.E.2d 1120; *Emerson v. La Salle National Bank* (1976), 40 Ill. App. 3d 794, 352 N.E.2d 45.) There is no requirement that the sale price be equal to the value of the property, and there is no provision for determining the value of the property in setting the amount of the deficiency. Rather, absent any fraud or irregularity in the foreclosure proceeding, the price at which the property is sold is deemed to be the conclusive measure of its value for purposes of setting a deficiency judgment. See *First Granite City National Bank v. Champion* (1971), 130 Ill. App. 2d 970, 268 N.E.2d 35.

Notwithstanding the lack of statutory authority for setting a deficiency judgment independent of the sale price of the property, the defendants maintain that the trial court could, in the exercise of its equity powers, vacate the deficiency judgment based on the sale price of the property and set a new deficiency amount based on a judicial determination of the property's value. The defendants concede that no Illinois case can be found in which the court specifically set or modified a deficiency judgment in this way. They argue, however, that this would be analogous to a court's setting aside a foreclosure sale upon equitable grounds and ordering a new sale with a minimum "upset" price determined in advance. See *Levy v. Broadway-Carmen Building Corp.* (1937), 366 Ill. 279, 8 N.E.2d 671.

■ It is settled that a court of equity has wide discretion in supervising judicial sales to insure that such sales are conducted according to law and free from fraud which could deprive the equity owner of valuable rights. (*Levy*, 336 Ill. 279, 8 N.E.2d 671; *Moeller v. Miller* (1925), 315 Ill. 454, 146 N.E. 449.) This discretion is not unlimited, however, and it is a firmly established rule that unless there is evidence of mistake, fraud, or violation of duty by the officer conducting the sale, mere inadequacy of price alone is not sufficient cause for setting aside a judicial sale. (*Uptown Federal Savings & Loan Association v. Walsh* (1973), 15 Ill. App. 3d 626, 305 N.E.2d 74; *Bankers Trust Co. v. Chicago Title & Trust Co.* (1980), 89 Ill. App. 3d 1014, 412 N.E.2d 660.) It is the policy of the law to give stability and permanency to judicial sales (*Bankers Trust Co.*, 89 Ill. App. 3d 1014, 412 N.E.2d 660), and, since "[i]t has long been recog-

nized that property does not bring its full value at forced sales, and that price depends on many circumstances from which the debtor must expect to suffer a loss" (*Horney v. Hayes* (1957), 11 Ill. 2d 178, 185, 142 N.E.2d 94, 97), it follows that "[m]ere inadequacy of price is no reason for upsetting a judicial sale unless there are other irregularities" (*People v. Anderson* (1942), 380 Ill. 158, 162-63, 43 N.E.2d 997, 1000).

In *Levy v. Broadway-Carmen Building Corp.*, upon which the defendants rely, the appellee-mortgagor filed objections to the master's report of sale following foreclosure, claiming that the sale price was inadequate and praying that the court establish the value of the premises and credit that value on the amount found due to the appellant-mortgagee. The chancery court denied confirmation of the sale and ordered a resale of the property at an upset price established by the court. The supreme court, while finding that it was within the chancery court's equitable power and jurisdiction to fix such a reserve or upset price as a minimum at which the property may be sold, determined that the inadequacy of price alleged was insufficient in itself to justify the court in refusing to approve the master's report of sale. The *Levy* court, accordingly, reversed the chancellor's decree with directions to approve the report of sale.

In the instant case, as in *Levy*, the defendants' motion to set aside the deficiency judgment was based on inadequacy of price alone and failed to contain any allegation amounting to fraud or other irregularity in the conduct of the judicial sale. Moreover, while the defendants rely on *Levy* as sanctioning the procedure of establishing a minimum or upset price upon resale of foreclosed property, the defendants in their motion here never sought to have the previous sale set aside and a new sale ordered but, rather, petitioned the court to set aside the deficiency judgment and establish a new deficiency based on the court's determination of value.

■■ ■ Contrary to the defendants' contention, there is a significant difference between the court's setting aside a sale to order a new sale at a minimum price and the court's setting aside a deficiency judgment to establish a new deficiency amount based on the court's determination of value in the absence of a sale. As the *Levy* court observed, it is within the court's equity powers in supervising judicial sales to set a minimum bid as part of the "reasonable terms and conditions for the carrying out of the provisions of [a] foreclosure decree." (*Levy v. Broadway-Carmen Building Corp.* (1937), 366 Ill. 279, 289, 8 N.E.2d 671, 676.) There is, however, no provision in Illinois case law for the court, under its equity powers, to set a defi-

ciency judgment based on a judicial determination of value rather than the sale price of the property. (See generally Washburn, *The Judicial and Legislative Response to Price Inadequacy in Mortgage Foreclosure Sales*, 53 S. Cal. L. Rev. 843, at 856-57 (1980).) We thus find no merit in the defendants' contention that the court's action here was analogous to the practice sanctioned by the *Levy* court. The procedure followed by the trial court in setting aside the deficiency judgment to conduct a hearing to determine the property's value for purposes of setting a new deficiency amount was outside the court's authority in supervising judicial sales. We hold, therefore, that the trial court acted erroneously and should be reversed.

In the absence of Illinois authority for limiting deficiency judgments according to a judicially determined property value, the defendants cite to the California decision of *Rainer Mortgage v. Silverwood Ltd.* (1985), 163 Cal. App. 3d 359, 209 Cal. Rptr. 294, in which the court construed a California statute authorizing a deficiency judgment based on the "fair value" of the foreclosed property as of the date of the foreclosure sale. As discussed above, there is no comparable statute in Illinois by which the value of foreclosed property may be determined for purposes of a deficiency judgment aside from the price realized at a foreclosure sale. The mortgage foreclosure statute in this State, moreover, differs from the statute governing partition suits, which provides for a minimum bid of two-thirds of the value of the property as set by court-appointed commissioners. (See Ill. Rev. Stat. 1985, ch. 110, par. 17—117.) Our legislature has included no such minimum price provision in the statute governing foreclosure sales, and we find no basis for reading such a provision into the statute.

In light of our analysis, we find the allegation in the defendants' motion regarding an appraisal that had been made of the property some time prior to the sale to be of little import. As stated, there is no requirement that foreclosed property be sold for its appraised value, which may or may not reflect the price that could be obtained upon sale of the property. The defendants' allegation of an appraisal made for the plaintiff's purposes at some time prior to the date of sale did not, of itself, raise an issue of fraud or other irregularity that would necessitate an evidentiary hearing regarding the sale price received. The price at which the property was sold thus constituted the conclusive measure of value for purposes of determining the amount of deficiency owed by the defendants.

For the reasons stated in this opinion, we reverse the trial court's order granting the defendants' motion to vacate the defi-

ciency judgment and setting an evidentiary hearing, and we remand this cause with directions to reinstate the deficiency judgment against the defendants.

Reversed and remanded with directions.

KARNS, P.J., and HARRISON, J., concur.