**In re Richard Frank SHEAFFER, Jr. and Vivian Vasiliki Sheaffer, Debtors.**

**Richard Frank SHEAFFER, Jr. and Vivian Vasiliki Sheaffer**

v.

**MARSHALL NATIONAL BANK & TRUST COMPANY.**

**Bankruptcy No. 90–11997.**

United States Bankruptcy Court, E.D. Virginia, Alexandria, Virginia.

July 20, 1993.

Patricia A. Woodward, Warrenton, VA, for debtors.

Jeffrey W. Parker, Niles, Dulaney, Parker & Lauer, Warrenton, VA, for Nat. Bank & Trust Co.

### MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This 1990 bankruptcy case was reopened on April 23, 1993, to allow debtors to pur-

sue the avoidance of a judicial lien held by Marshall National Bank & Trust Company ("MNBT"). On June 10, 1993, debtors' filed a Second Amended Motion to Avoid Lien alleging the MNBT's lien should be avoided pursuant to 11 U.S.C. § 522(f) because it impairs their homestead exemption and pursuant to 11 U.S.C. § 547 because the lien constitutes a voidable preference. The motion is opposed by MNBT.

At hearing the court summarily denied the motion from the bench to the extent debtors relied on 11 U.S.C. § 547.[1] Accordingly, the court heard argument on debtors' motion only to the extent it relied on 11 U.S.C. § 522(f). The court took this issue under advisement, and for the reasons stated in this memorandum opinion debtor's motion is denied.

### Facts

Debtors filed their chapter 7 bankruptcy petition on August 9, 1990. On August 14, 1990, Robert O. Tyler was appointed chapter 7 trustee, and on September 9, 1990, the trustee filed a no asset report. The debtors received their chapter 7 discharge on November 28, 1990, and the case was closed on November 30, 1990.

On August 6, 1990, the MNBT obtained a default money judgment against the debtors in the principal amount of $48,351.97 and docketed this judgment in the Circuit Court of Fauquier County, Virginia, creating a lien on the debtors' residence located at 7769 Piccadilly Drive, Warrenton, Virginia ("property") pursuant to Virginia Code § 8.01–458. The parties have stipulated that the property had a value of approximately $400,000.00 at the time the bankruptcy was filed and that the property was encumbered by three deeds of trust in the following amounts:

(1) $311,077.00 –Trustbank Savings
(2) $ 79,000.00 –Liberty Savings Bank
(3) $ 67,290.66 –Sentry Realty, Inc.
Total–$457,000.00.

Accordingly, even without considering the judicial lien of MNBT the debtors had no equity in the property when the judgment was rendered or when they filed bankruptcy. And they have presented no evidence that there is equity at the present time.

On August 9, 1990, debtors filed a homestead deed pursuant to Virginia Code § 34–6 claiming as exempt any equity in the property pursuant to Virginia Code § 34–4 as follows:

Property claimed as exempt under the Code of Virginia, 1950, 34–4 and 34–29, as amended:

| | HUS-BAND | WIFE |
|---|---|---|
| equity in residence located at 7769 Piccadilly Drive, Warrenton, VA | $100.00 | $100.00 |

*See* Debtor's Exhibit D, p. 1.[2]

### Discussion and Conclusions of Law

■ 11 U.S.C. § 522(f) states in pertinent part:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which he debtor would have been entitled ... if such lien is—

(1) a judicial lien ...

11 U.S.C. § 522(f).

Pursuant to Virginia Code § 34–3.1 the Commonwealth has opted-out of the federal

---

**1.** Bankruptcy Rule 7001(2) denotes a proceeding to determine the validity, priority, or extent of a lien as an adversary proceeding and Bankruptcy Rule 7003 requires a complaint in all adversary proceedings. The only exception to this rule is a motion by a debtor pursuant to 11 U.S.C. § 522(f).

An action to avoid a preference under 11 U.S.C. § 547 requires an adversary proceeding and cannot be considered by the court under a lien avoidance motion. *See* Bankruptcy Rule 7001(1). Moreover, in a chapter 7 case § 547(b) allows only the debtor's trustee to avoid a preference.

**2.** Both counsel at oral argument conceded that the $100.00 amount claimed was probably an error and that the debtors actually meant to claim $1.00 of the equity in the subject property. This would be consistent with general Virginia bankruptcy practice to claim only a minimal exemption in property that appears to have no equity.

exemption scheme set forth 11 U.S.C. § 522(d). Accordingly, Virginia residents may use only the exemptions created under state law. Therefore, in order for a Virginia debtor to avoid a lien pursuant to 11 U.S.C. § 522(f)(1) or (2) the debtor must be entitled to an exemption under state law. *Shearer v. Crestar Bank (In re Shearer)*, 132 B.R. 313, 315 (Bankr.W.D.Va.1991).

Virginia Code § 34–4 creates Virginia's homestead exemption and states in relevant part:

> Every householder shall be entitled ... to hold exempt from creditor process arising out of a debt, real and personal property, or either ... not exceeding $5,000 in value....

Va.Code Ann. § 34–4 (Michie 1990).

■ However, when an exemption in real estate is selected the exemption is subject to "any paramount encumbrances thereon." Va.Code Ann. § 34–7. A "paramount encumbrance" is a security interest created by the debtor as opposed to a judgment lien created by law. *Oppenheim v. Myers*, 99 Va. 582, 39 S.E. 218, 219 (1901); *White v. Owen*, 71 Va. (30 Gratt.) 28, 30–31 (1878). If the property is sold to satisfy the consensual unavoidable mortgage liens the "surplus of the proceeds, if any, not exceeding the amount to which the householder is entitled under § 34–4, shall be paid to the householder." Va.Code Ann. § 34–7. Therefore, the priority of a Virginia debtor's homestead exemption is after consensual unavoidable mortgage liens but before non-consensual judgment liens. Va. Code Ann. § 34–7 (Michie 1990); *see White v. Owen*, 71 Va. (30 Gratt.) 28, 30–31 (1878); *cf. In re D'Amelio*, 142 B.R. 8, 10 (Bankr. D.Mass.1992); *Saturley v. Casco Northern Bank, N.A.*, 149 B.R. 245, 249 (Bankr. D.Me.1993); *In re Gonzalez*, 149 B.R. 9, 10 (Bankr.D.Mass.1993); 40 Am.Jur.2d *Homestead* § 97 (1968).

The facts here are in all important respects the same as were presented in *In re Washington*, in which Judge Shelley of this district held that to avoid a judicial lien on real property, the debtor must have equity in the property over the amount of unavoidable liens. *Washington v. Virginia State Education Assistance Authority (In re Washington)*, 41 B.R. 211, 217 (Bankr. E.D.Va.1984); *but see* Margaret Howard, *Multiple Judicial Liens in Bankruptcy: Section 522(f)(1) Simplified*, 67 Am.Bankr. L.J. 151, 163 (1993). I conclude that Judge Shelley's ruling prescribes the correct result in the present case. However, there has been some development in the case law on lien avoidance since 1984, and it will be helpful here to undertake some further analysis of recent decisions.

The Supreme Court stated in *Owen v. Owen*, 500 U.S. 305, ——, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991) that because § 522(b) provides that a bankruptcy debtor can exempt property only "from property of the estate" it follows that property cannot be exempted unless it first falls within the bankruptcy estate. *Owen v. Owen*, 500 U.S. 305, ——, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991). An interest that is not possessed by the estate cannot be exempted. *Owen v. Owen*, 500 U.S. 305, ——, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991). For example, as here when a debtor's home is encumbered by consensual unavoidable mortgage liens exceeding its value the debtor holds only bare legal title and only that legal interest passes to the estate; the equitable interest remains with the mortgage holders. *See Owen v. Owen*, 500 U.S. 305, ——, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991). However, the Supreme Court's decision in *Owen* did not address whether the debtor's interest in property claimed as exempt must have economic value in order to avoid judicial liens. *Owen v. Owen*, 500 U.S. 305, —— n. 4, 111 S.Ct. 1833, 1837 n. 4, 114 L.Ed.2d 350 (1991). The case law on this point is split.[3]

---

**3.** Some courts have held that an interest of cognizable economic value in the property that is the subject of the claimed exemption is required to avoid judicial liens on residential real estate under § 522(f)(1). *Fitzgerald v. Davis (In re Fitzgerald)*, 729 F.2d 306, 308 (4th Cir.1984)

(in dictum); *Saturley v. Casco Northern Bank, N.A. (In re Saturley)*, 149 B.R. 245, 249 (Bankr. D.Me.1993); *DeLiguori v. Granite Bank (In re Deliguori)*, 146 B.R. 52, 60 (Bankr.D.N.H.1992); *Washington v. Virginia State Education Assis-*

The Fourth Circuit has stated in dictum that:

> The fair market value of the property is an important factor in determining how to treat a judgment lien under § 522(f), because the extent to which the lien impairs a valid exemption depends on the amount of the debtor's equity in his property. . . .

*Fitzgerald v. Davis (In re Fitzgerald )*, 729 F.2d 306, 308 (4th Cir.1984).

■ Notwithstanding the issue of whether or not bare legal title is a sufficient "interest" to invoke the judicial lien avoidance power of § 522(f)(1) the Fourth Circuit's dictum in *In re Fitzgerald* suggests that the debtor must have "equity" in the property in excess of any consensual unavoidable mortgage liens in order to avoid judicial liens pursuant to 11 U.S.C. § 522(f)(1). In my view such a result is in accordance with the plain wording of the statute which states that the debtor may avoid the fixing of lien only "to the extent that such lien impairs an exemption" to which the debtor would have been entitled absent the judicial lien. 11 U.S.C. § 522(f). It is thus fair to conclude from the statute that an exemption is not impaired unless its amount is diminished in value. *City National Bank v. Chabot (In re Chabot )*, 992 F.2d 891, 895 (9th Cir.1993); *see also Wachovia Bank and Trust Company, N.A. v. Opperman (In re Opperman)*, 943 F.2d 441, 444 (4th Cir.1991). When a debtor's exemption in property has no economic value and consists merely of bare legal title then the debtor's exemption is not impaired because its amount cannot logically be diminished by the judicial lien. The Fourth Circuit in *In re Opperman* stated in dictum that:

> A lien larger in amount than the exemption available to the debtor does not impair that exemption. Thus, only that part of a lien which actually interferes with the debtor's homestead exemption may be avoided.

*In re Opperman*, 943 F.2d at 444 (citations omitted).

In this case the debtors urge the court to adopt a broad view of the term "impair" and analyze it with reference to the "fresh start" policy. Under debtors' analysis any unsecured portion of a lien should be avoided because otherwise it will hinder the debtors' fresh start by attaching to any post-petition appreciation in the property. *See Osborne v. Dominion Bank, N.A. (In re Osborne)*, 156 B.R. 188, 190 (Bankr. W.D.Va.1993); *see also* Margaret Howard, *Multiple Judicial Liens in Bankruptcy: Section 522(f)(1) Simplified,* 67 Am.Bankr. L.J. 151, 174 (1993). The Ninth Circuit in *In re Chabot* recently rejected this very argument, holding that:

> We disagree with . . . [debtors'] . . . claim that they must receive post-petition appreciation in their property in order to be afforded their right to a fresh start. In this case . . . the homestead exemption is limited to $45,000.00 by California law. . . . [The debtors] . . . are entitled to this amount and no more. There is no basis for the proposition that the homestead exemption provides ownership benefits, such as the right to appreciation, beyond the set amount.

*In re Chabot,* 992 F.2d at 895–96.

The court in *In re Chabot* also noted that its conclusion was consistent with the recent Supreme Court case *Dewsnup v. Timm,* —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). *In re Chabot,* 992 F.2d at 895–96. The Ninth Circuit noted that in *Dewsnup* the Supreme Court stated that:

> [T]he creditor's lien stays with the real property until the foreclosure. . . . any increase over the judicially determined valuation during bankruptcy rightly accrues to the benefit of the creditor, not to the benefit of the debtor . . .

*In re Chabot,* 992 F.2d at 895–96 (citing *Dewsnup,* —— U.S. at ——, 112 S.Ct. at 778).

---

tance Authority *(In re Washington)*, 41 B.R. 211, 217 (Bankr.E.D.Va.1984).

Other courts have held that regardless of whether there is any equity in the property judicial liens can be avoided pursuant to 11 U.S.C. § 522(f). *See e.g., LaPointe v. Snelling & Snelling, Inc., (Matter of LaPointe)*, 150 B.R. 92 (Bankr.D.Conn.1993).

In sum, this court agrees with the conclusion reached by the Ninth Circuit in *In re Chabot* that the Bankruptcy Code does not envision such fluctuations in the value of an exemption as the debtors suggest. *See In re Chabot*, 992 F.2d at 896.

Accordingly, the court will deny debtors' motion to avoid the lien held by MNBT in the amount of $48,351.97 because it does not impair an exemption the debtors would have been entitled absent the lien.[4]

A separate order will be entered.

---

4. Moreover, in Virginia a debtor's homestead exemption is $5,000.00 ($10,000.00 for a husband and wife). However, in this case the debtors filed a homestead deed claiming only $100.00 each in the equity of the property in question. Accordingly, in this case the debtors' homestead exemption would be worth $200.00 if there were at least $200.00 worth of equity in the property. If there were $200.00 worth of equity in the property the debtor would be able to avoid MNBT's $48,351.97 judicial lien only to the extent of their $200.00 exemption. *See In re Opperman*, 943 F.2d 441, 444 (4th Cir.1991). This would be an empty victory to say the least.