### In re Shay LIBERMAN, Debtor.

No. 99–CV–1178(ADS),
99–CV–1179(ADS).

United States District Court,
E.D. New York.

Jan. 31, 2000.

Shay Liberman, Pro se.

Kenneth Kirschenbaum, Kirschenbaum & Kirschenbaum, P.C., Garden City, NY, for Creditor Citibank, N.A.

### ORDER

SPATT, District Judge.

Presently before the Court are two appeals by the *pro se* Debtor, Shay Liberman, from orders in the Bankruptcy Court for the Eastern District of New York denying his requests to void a lien on his home under 11 U.S.C. § 522(f), granting Creditor Citibank, N.A. relief from the automatic stay, and dismissing Liberman's Chapter 13 petitions.

The events at issue are difficult to discern, given Lieberman's *pro se* status and limited command of the English language, and the failure of Citibank to file opposition papers. Nevertheless, a review of the Bankruptcy Court docket and Liberman's filings indicates that at in June of 1998, Citibank commenced a foreclosure action in New York State Supreme Court, Suffolk County, following Liberman's default on a mortgage in the amount of approximately $150,000 in principal, interest, and fees. The Supreme Court apparently ruled in favor of Citibank, directing a foreclosure sale of Liberman's house at 345 Elmore St., Central Islip, N.Y. Liberman appealed this decision to the Appellate Division, Second Department, but the order of foreclosure was affirmed on June 7, 1999. *Citibank N.A. v. Liberman*, 93 N.Y.2d 1041, 697 N.Y.S.2d 569, 719 N.E.2d 930 (2d Dept.1999) (table).

In the meantime, Liberman filed a voluntary petition for a Chapter 13 reorganization on October 1, 1998 in the Bankruptcy Court for the Eastern District of New York, seeking to halt the foreclosure sale. On October 29, 1998, Liberman filed a motion to vacate the lien held by Citibank under the provisions of 11 U.S.C. § 522(f). On November 18, 1998, Citibank opposed that motion and cross-moved to lift the automatic stay to allow Citibank to proceed with the foreclosure sale. Liberman asserts that he was not given sufficient time to respond to Citibank's cross-motion.

Although no transcript of the December 1, 1998 hearing on the motions was included in the record by Liberman, a minute entry in the docket indicates that United States Bankruptcy Judge Stan Bernstein orally denied Liberman's motion to vacate the lien, granted Citibank's motion for re-

lief from the automatic stay, and dismissed the bankruptcy case. Judge Bernstein directed counsel for Citibank to submit a written order reflecting the oral rulings. While Citibank was preparing that order, it notified Liberman on or about December 10, 1998 that a foreclosure sale of his house was scheduled for January 27, 1999. In response, acting on information he claims was given to him by an unnamed person at "the Court," Liberman filed a second Chapter 13 petition in Bankruptcy Court on January 22, 1999, again seeking to obtain an automatic stay of the foreclosure sale.

On February 2, 1999, Judge Bernstein *sua sponte* issued an order to show cause, directing Liberman to show cause why both cases should not be dismissed; why an order should not be entered preventing him from filing any further petitions for 180 days; and directing Citibank to show why it should not be sanctioned for scheduling a foreclosure sale before a signed order dismissing the initial case was entered. A hearing was held on February 9, 1999, for which Liberman has again provided no transcript as part of the record, at which time Judge Bernstein apparently dismissed both cases with prejudice; barred Liberman from filing further petitions for 180 days; and imposed a conditional sanction of $900 against Liberman if he failed to comply with the court's order. Judge Bernstein entered a written order reflecting this ruling on February 12, 1999. Liberman then filed the present appeals from Judge Bernstein's February 12, 1999 orders.

On March 29, 1999, Liberman filed a motion before this Court to stay the sale of his home. This Court granted such a stay until May 4, 1999, provided that by April 27, 1999, Liberman tendered the sum of $2,188, representing three weeks' rental value of the home, to Ocwen Bank, the assignee of Citibank's mortgage. Following several adjournments and hearings at which Liberman did not appear for alleged medical reasons, this Court eventually de-

nied Liberman's motion for a stay of the foreclosure sale and directed the parties to file briefs on the appeal of the Bankruptcy Court's orders. Liberman's house was apparently sold in May of 1999, although it is unclear whether the deed was held in escrow by Ocwen Bank pending the outcome of these appeals. Liberman submitted a brief in support of his appeal, but neither Citibank nor Ocwen Bank submitted opposing papers.

### DISCUSSION

■ Although the grounds for Liberman's appeal are far from clear, it appears from his brief that he is generally attacking Judge Bernstein's denial of his motion to vacate Citibank's liens under 11 U.S.C. § 522(f). That statute states, in relevant part:

(f) (1) Notwithstanding any waiver of exemptions, ... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent such lien impairs an exemption to which the debtor would have been entitled ... if such lien is

(A) a judicial lien, other than a judicial lien that secures a debt [relating to a domestic relations order].

Under the Bankruptcy Code, a debtor is entitled to exempt certain property from the estate in bankruptcy pursuant to 11 U.S.C. § 522(b). The Bankruptcy Code allows states to define what property may be exempted, 11 U.S.C. § 522(b)(2)(A), and New York State has expressly done so. N.Y. Debtor & Creditor Law § 282. In New York, a debtor may exempt from a bankruptcy estate the same property that is protected against judgment executions under N.Y. CPLR § 5205 and § 5206. *Id.*

■ Section 5206 of the CPLR allows a debtor to exempt real property of up to $10,000 in value from judgments and liens, "unless the judgment was recovered wholly for the purchase price thereof." This final clause has the effect of preventing a debtor from invoking the exemption when the judgment or lien results from a mort-

gage lender's foreclosure on the mortgage. In *In re Onyan*, 163 B.R. 21 (Bankr. N.D.N.Y.1993), the debtor presented essentially the same argument urged by Liberman here: namely that the debtor could avoid a mortgage-type lien on his residence by virtue of the provisions of 11 U.S.C. § 522(f). However, the Bankruptcy Court held that "the homestead exemption [of CPLR 5206] may not be employed to defeat the claim of a creditor foreclosing on a first or second mortgage on the property." *Id.* at 25; *see also In re Ellerstein*, 105 B.R. 214, 216 (Bankr.W.D.N.Y.1989) ("in the event of a mortgage foreclosure action ... the exemption does not apply").

In this case, the record before this Court suggests that Citibank's lien was derived from a mortgage foreclosure action. Liberman admits as much in his brief:

> On July 23, 1990 Plaintiff–Appellant signed the mortgage contract for a 30 years loan of $96,000 at yearly interest rate of 10.50% *to pay for the premises known as 345 Elmore Street.* On or about July 12, 1995, Citibank, N.A. commenced an action against Shay Liberman in the Supreme Court of the State of New York ... On June 2, 1998 order issued in this action by the Hon. Robert W. Doyle to foreclose and sale. (Emphasis added).

Based on the fact that Citibank's lien on the property resulted from a mortgage foreclosure involving the purchase price, the $10,000 exemption in CPLR 5206 is therefore not available to Liberman, *In re Onyan, supra,* at least to the extent that the foreclosure sale price of the house did not exceed $96,000, the purchase price of the home. Liberman's filings do not indicate what price the foreclosure sale eventually fetched, but he admits in his brief that the house had a market value of only $56,000.

Therefore, the Court finds that Liberman is not entitled to claim an impairment of his exemption under 11 U.S.C. § 522(f), since no such exemption exists. In any event, the Court further notes that Section 522(f), by its own terms, "shall not apply with respect to a judgment arising out of a mortgage foreclosure." Thus, even if Liberman could somehow argue that New York State's exemption rules were inconsistent with the federal law, the Bankruptcy Code itself warrants denial of his motion to avoid Citibank's morgage lien. *In re Parks*, 227 B.R. 20, 24 n. 5 (Bankr. W.D.N.Y.1998) ("a judgment of foreclosure is understood to be excluded from the definition of judgment lien" by subsection [c] ).

For these reasons, Judge Bernstein's February 12, 1999 decisions denying Liberman's motion to avoid Citibank's lien and dismissing Liberman's Chapter 13 petitions are AFFIRMED and Liberman's appeals are DENIED. The Clerk of the Court is directed to close both of these cases.

SO ORDERED