**In re Darryl K. & Judith A. SMITH, Debtors.**

**No. 01–12341B.**

United States Bankruptcy Court, W.D. New York.

Dec. 12, 2001.

■

---

Barbara R. Ridall, Buffalo, NY, for Debtors.

Mentor, Rudin & Trivelpiece, P.C., Kevin M. Newman, of counsel, Syracuse, NY, for The Savings Bank of Utica.

Hodgson Russ LLP, Stephen L. Yonaty, of counsel, Buffalo, NY, for The Savings Bank of Utica.

CARL L. BUCKI, Bankruptcy Judge.

With respect to their homestead, the debtors have moved under 11 U.S.C. § 522(f) to avoid the lien of a deficiency judgment that was granted to The Savings Bank of Utica after its foreclosure of a mortgage on other property of the debtors. In its response, The Savings Bank of Utica argues that the Bankruptcy Reform Act of 1994 excepted such deficiency judgments from lien avoidance. For the reasons stated hereafter, this court overrules the bank's objection and will grant the relief that the debtors have requested.

Darryl and Judith Smith are the owners of a homestead at 10899 Matteson Corners Road in Holland, New York, where they have resided since their acquisition of the property in August of 1997. Having filed

a petition for relief under Chapter 7 of the Bankruptcy Code on April 16, 2001, the Smiths now claim the homestead exemption that the State of New York recognizes for equity of up to $10,000 per owner. The debtors estimate that as of the date of bankruptcy filing, the Matteson Corners property had a fair market value of $110,000. Encumbering the property are a first mortgage that secures an indebtedness of more than $89,000, and a second mortgage that secures an indebtedness of more than $25,000. Although it appears to have no value above the amount of these voluntary mortgages, the property is additionally subject to the lien of a judgment of The Savings Bank of Utica.

The judgment lien of The Savings Bank of Utica is for a deficiency that resulted from the foreclosure of a mortgage that encumbered property at 160 Beryl Drive in the town of Cheektowaga. Pursuant to a judgment of foreclosure and sale, the referee sold the Beryl Drive property on October 24, 2000, for a sum less than the secured indebtedness. Based on this outcome, The Savings Bank of Utica obtained a deficiency judgment in the amount of $32,263.86, and caused that judgment to be docketed in the real property records of Erie County, New York. Thus, the deficiency claim acquired the status of a judgment lien on all of the debtors' real property in the county, including their homestead. Seeking to avoid that lien, the debtors filed the present motion for relief under section 522(f).

As originally enacted in 1978, section 522(f) of the Bankruptcy Code stated the general rule that is still applicable today, namely that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such lien is—(1) a judicial lien." Prior to 1994, however, the Code contained no definition of impairment. As a consequence, bankruptcy courts rendered decisions that were inconsistent with each other. For example, while most courts would avoid a judgment lien on property in which the debtor had no equity, *In re LaPointe*, 150 B.R. 92 (Bankr.D.Conn.1993), other courts ruled that if voluntary mortgages secured debt that exceeded the value of the property, the debtor retained no interest that a lien could impair, *In re Sheaffer*, 159 B.R. 758 (Bankr.E.D.Va.1993), *In re Gonzalez*, 149 B.R. 9 (Bankr.D.Mass.1993). Another contentious topic involved the interplay of judicial liens and those voluntary liens that were otherwise unavoidable. *Compare In re Baldwin*, 84 B.R. 394 (Bankr.W.D.Pa. 1988) (holding that a judgment does not impair an exemption for property encumbered by a subsequent voluntary mortgage), *with In re Koehler*, 167 B.R. 773 (Bankr.W.D.N.Y.1994) (holding that a judgment's impairment of an exemption is to be determined without regard to subsequent liens). As noted by Congressman Jack Brooks in the House debate on the Bankruptcy Reform Act of 1994, several of these decisions "reached results that were not intended by Congress when it drafted the [Bankruptcy] Code." 145 CONG. REC. H10752–01, H10769 (daily ed. Oct. 4, 1994).

To resolve the uncertainty about the point at which a lien is deemed to impair an exemption, Congress in 1994 amended section 522(f) of the Bankruptcy Code, by adding the following text of paragraph (2):

(A) For purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—(i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's in-

terest in the property would have in the absence of any liens.

(B) in the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.

(C) This paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure.

In the present instance, the first and second mortgages provide security for debts that total more than the value of the debtors' homestead. As allowed by New York Law,[1] each debtor has claimed an exemption for $10,000 of homestead value. To the extent that subparagraph (2)(A) is applicable, therefore, the judgment lien of The Savings Bank of Utica would be considered to impair that exemption. The basis for that judgment lien, however, is a deficiency in a foreclosure proceeding, although with respect to property other than the homestead. Thus placed into dispute is the impact of subparagraph (2)(C).

■ Citing *In re Vincent*, 260 B.R. 617 (Bankr.D.Conn.2000), The Savings Bank of Utica argues that subparagraph (2)(C) precludes any avoidance of a deficiency judgment. Alternatively, it contends that subparagraph (2)(C) compels reference to standards applicable prior to enactment of paragraph (2), and that by reason of the authority of *In re Bovay*, 112 B.R. 503 (Bankr.N.D.N.Y.1989), the absence of equity precludes the existence of any interest that a deficiency judgment might impair. For the reasons stated hereafter, this court must reject both arguments.

At common law, foreclosure was an equitable suit, distinct from any action to recover money due on the underlying bond or note. Thus, a court of chancery "had no power to include a provision for defi-ciency in a decree of foreclosure." *Reichert v. Stilwell*, 172 N.Y. 83, 84, 64 N.E. 790 (1902), *citing Dunkley v. Van Buren*, 3 Johns.Ch. 330 (1818) and *Jones v. Conde*, 6 Johns.Ch. 77 (1822). Rather, "[t]he general rule was 'that the mortgagee may exercise all his rights at the same time, and pursue his remedy in equity upon the mortgage, and his remedy at law upon the bond or covenant accompanying it, concurrently.'" *Jamaica Savings Bank v. M.S. Investing Co.*, 274 N.Y. 215, 218, 8 N.E.2d 493 (1937), *citing* 4 Kent's Commentaries 183 (14th ed.). When choosing to pursue foreclosure as its initial remedy, a mortgagee would commence a separate action at law to recover any deficiency. By so honoring the distinction between law and equity, however, New York imposed a duplication of pleading, and with it, a redundancy of response. To remedy this situation, New York incorporated new foreclosure procedures into the Revised Statutes of 1830. These new procedures are now essentially to be found in article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL").

Section 1301 of the RPAPL prohibits generally the simultaneous pursuit of both equitable and legal remedies by a mortgagee. Thus, part 1 of this section provides that "[w]here final judgment for the plaintiff has been rendered in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage, unless an execution against the property of the defendant has been issued ... and has been returned wholly or partially unsatisfied." Correspondingly, part 3 states that while a foreclosure proceeding is pending or after final judgement of foreclosure, "no other action shall be commenced or maintained to recover any part of the mortgage debt,

---

1. N.Y. Civ. Prac. L. & R. 5206.

without leave of the court in which the former action was brought." Accordingly, "only one action is permitted at the same time, except as the statute provides; for it forbids a suit in equity to foreclose the mortgage until the remedy at law on the bond, if resorted to, has been exhausted, and an action at law on the bond, while a suit in equity to foreclose the mortgage is pending, without leave of the court." *Reichert v. Stilwell* 172 N.Y. at 88, 64 N.E. 790. Instead, the customary approach is the procedure established by RPAPL § 1371 for procurement of a deficiency judgment. In a suit under article 13, a successful plaintiff will obtain a judgment of foreclosure and sale. Pursuant to such a judgment, a referee will conduct a sale of the mortgaged premises. To the extent that the proceeds of sale are insufficient to satisfy the secured obligation, the bond holder may then follow the procedures of section 1371. The first sentence of part 2 of section 1371 nicely summarizes this process:

> Simultaneously with the making of a motion for an order confirming the sale, provided such motion is made within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action.

■ Under New York law, the deficiency judgment is not a relief of foreclosure, but a remedy that is ancillary to the foreclosure. Even though Article 13 of the Real Property Actions and Proceedings Law allows a deficiency judgement as "an incidental remedy," *Reichert v. Stilwell,* 172 N.Y. at 89, 64 N.E. 790, the equitable relief of foreclosure continues to be distinguishable from a deficiency judgment, with its origin as an action at law. Thus did the New York Court of Appeals observe that "[a]n action to foreclose a mortgage is not an action to recover the mortgage debt from the mortgagor personally, but to collect it out of the land by enforcing the lien of the mortgage." *Id.* at 88, 64 N.E. 790.

■ This court must presume that Congress was particular in its selection of words for section 522(f)(2) of the Bankruptcy Code. Notably, part (C) of that paragraph excludes its application to "a judgment arising out of a mortgage foreclosure", but not necessarily to all judgments arising out of mortgage foreclosure proceedings. A judgment of foreclosure and sale arises out of a foreclosure, as an equitable suit, and it is the judgment of foreclosure and sale to which subdivision 522(f)(2)(C) makes reference. In contrast, a deficiency judgment is a legal remedy which, by statute, is allowed as a relief that is incidental to the foreclosure. Being otherwise distinct at common law from the foreclosure process, a deficiency judgment arises from rights of legal origin and not from a foreclosure in equity. Accordingly, in the view of this court, a deficiency judgment is not subject to the exclusion of 11 U.S.C. § 522(f)(2)(C).

This Court recognizes that its decision contradicts the result in *In re Vincent,* 260 B.R. 617, 622 (Bankr.D.Conn.2000), which held that the foreclosure exclusion of subparagraph (C) applies to a deficiency judgment, "and accordingly, that lien is not avoidable under Section 522(f) of the Bankruptcy Code." In *Vincent,* the debtor argued that subdivision (C) was adopted "simply to clarify that a judgment of foreclosure does not transmute an otherwise *unavoidable mortgage* into a *judicial lien* avoidable under bankruptcy law." *Id.,* at 621. Finding no legislative history to

support this result, Judge Dabrowski concluded that although "Subdivision 522(f)(2)(C) is ambiguous," its words "more naturally suggest the mechanics of a Connecticut deficiency judgment rather than of mortgage transmutation." *Id.* at 621–22. Unfortunately, it appears that the debtor neglected to argue the distinctive legal character of a deficiency judgment. Taking into account the contrasting equitable origin of foreclosure, this court believes that although a deficiency judgment may arise out of the foreclosure proceeding, it cannot be said to arise out of the foreclosure itself.

■ Even if the deficiency judgment of The Savings Bank of Utica were deemed to arise out of a mortgage foreclosure, section 522(f)(2)(C) does not preclude its avoidance, but serves serve only to void the application of the balance of paragraph (2). In that instance, paragraph (2) would no longer define the impairment of the debtor's homestead exemption. Rather, this determination would depend on case law prior to the statutory amendments which in 1994 added paragraph (2) to section 522(f). The Savings Bank of Utica cites a decision of the bankruptcy court for the Northern District of New York as authority for the proposition that in the absence of any equity in excess of prior liens, a debtor holds no interest that a deficiency judgment might impair. *In re Bovay*, 112 B.R. 503 (1989). Such precedent is not binding in this district, however, and is contradictory to my decision in *In re Koehler*, 167 B.R. 773 (Bankr. W.D.N.Y.1994). For the reasons stated in *Koehler*, I believe that a judicial lien will impair an exemption whenever "liens begin to exceed the non-exempt value" of the property. *Id.* at 774. Such essentially is also the standard that Congress codified through its enactment of paragraph 522(f)(2).

For the reasons stated above, this Court holds that the deficiency judgment of The Savings Bank of Utica impairs the exemption of the debtors herein. Accordingly, the debtor may avoid that judgment under the authority of 11 U.S.C. § 522(f)(1), subject to the provisions of 11 U.S.C. § 349(b)(1) for the automatic reinstatement of the lien if this case is dismissed without provision for a different result.

So ordered.