**In re Charlie L. CARSON, Debtor.**

**Charlie L. Carson, Movant,**

v.

**CitiMortgage, Inc., John J. O'Neil, Jr., Trustee, Respondents.**

**No. 01–23272.**

United States Bankruptcy Court, D. Connecticut.

March 5, 2002.

Bonnie C. Mangan, Esq., South Windsor, CT, for Debtor–Movant.

Pierre–Yves Kolakowski, Esq., Zeichner Ellman & Krause, Greenwich, CT, for CitiMortgage, Inc.

*MEMORANDUM OF DECISION ON DEBTOR'S MOTION TO AVOID JUDICIAL LIEN*

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

I.

*ISSUE*

This proceeding arises in the Chapter 7 case of Charlie L. Carson ("the debtor") who filed a petition on October 25, 2001. The debtor, on February 5, 2002, moved, pursuant to Bankruptcy Code § 522(f)(1),[1] to avoid a judgment lien filed on December

1. Section 522(f)(1), in relevant part, provides:

"Notwithstanding any waiver of exemptions

27, 2000, by CitiMortgage, Inc. ("the creditor") against the debtor's exempted one-half interest in his residence, known as 1271 Forbes Street, East Hartford, Connecticut. The creditor obtained a judgment of $43,641.06 on May 24, 1999, based upon a mortgage deficiency, during the creditor's foreclosure of a mortgage which it held on investment property the debtor previously owned. The creditor, on February 12, 2002, filed an objection to the debtor's motion, contending that subsection (C) of § 522(f)(2),[2] on its face, forbids the granting of the requested order, even if all other conditions of § 522(f) have been met.

## II.

### DISCUSSION

#### A.

One of the more significant changes in the bankruptcy laws brought by Bankruptcy Reform Act of 1978 was the grant of avoiding powers to debtors to provide additional protection for their exempt property. Described in its simplest terms, section 522(f) permits a debtor to wipe out the interest that a creditor has in particular property if the debtor's interest in that property would be exempt but for the existence of the creditor's lien or interest.

4 Lawrence P. King, Collier on Bankruptcy ¶ 522.11[1] at 522–76 (15 ed. rev.2001).

... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such lien is—(A) a judicial lien ...."

**2.** Section 522(f)(2) provides:

(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
(i) the lien,
(ii) all other liens on the property; and

Section 522(f)(1)(A) limits such avoidance, with certain non-relevant exceptions, to judicial liens. A judicial lien is defined by Bankruptcy Code § 101(36) as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." Congress, in 1994, added § 522(f)(2) to the Bankruptcy Code to establish a formula to determine whether a lien impairs an exemption. There is no relevant legislative history to explain the reason for the use of the following language in subsection (C): "This paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure." ("subsection (C)").

The debtor contends that the purpose of subsection (C) is restricted to the circumstance where an unavoidable consensual mortgage lien on the exempted property has, through foreclosure, been converted to a judgment lien on the same property. The creditor contends that the provision prohibits the avoidance of any judgment lien on exempt property arising from a mortgage-deficiency judgment, not restricted to a mortgage on the exempted property.

#### B.

### Decisional Law To Date

In *In re Pascucci*, 225 B.R. 25 (Bankr. D.Mass.1998), *abrogated on other grounds*

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
exceeds the value that the debtor's interest in the property would have in the absence of any liens.
(B) In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.
(C) This paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure.

by *Nelson v. Scala*, 192 F.3d 32, 35 (1st Cir.1999), the mortgagee brought a separate action against the debtor to obtain a deficiency judgment and then filed a judgment lien against the debtor's exempted residence. *See* 225 B.R. at 28. The bankruptcy court ruled that, under the Massachusetts foreclosure procedure that the mortgagee utilized, the deficiency judgment did not arise under an action to foreclose, and granted the debtor's motion to avoid the deficiency-judgment lien filed against the debtor's residence, the non-mortgaged property. *See id.* at 28–29. Similarly, the Ninth Circuit Court of Appeals in *In re Been*, 153 F.3d 1034 (9th Cir.1998), ruled that under California procedure, where a junior mortgagee was "sold-out" when a senior mortgagee conducted a non-judicial foreclosure, and the junior mortgagee thereafter obtained a judgment on its mortgage note, such a judgment was not a judgment arising out of a mortgage foreclosure within the meaning of § 522(f)(2)(C). *See* 153 F.3d at 1036. This is so, the court observed, notwithstanding that California law permits "sold-out junior lienholders ... to bring an independent action on the underlying promissory note for the balance that the debtor still owes after the senior lienholder's foreclosure sale." *Id.*

In this district, a bankruptcy court, in *In re Vincent*, 260 B.R. 617 (Bankr. D.Conn.2000), determined that "the words, 'judgment *arising out of* ... a mortgage foreclosure,' more naturally suggest the mechanics of a Connecticut deficiency judgment rather than that of mortgage transmutation." 260 B.R. at 621–22. The court noted that "[i]n Connecticut a deficiency judgment is part and parcel of a mortgage foreclosure action ... [and] no instate person may be held liable on the

underlying mortgage obligation *after* the foreclosure action unless she has been named as a party to the foreclosure action." *Id.* at 622 n. 3. Accordingly, the court denied the debtor's motion to avoid a mortgage-deficiency judgment lien filed on the debtor's residence when the deficiency resulted from a foreclosure sale of the debtor's other non-residential property. *See id.* at 622.

In contrast, the bankruptcy court in *In re Smith*, 270 B.R. 557 (Bankr.W.D.N.Y. 2001), held that "[u]nder New York law, the deficiency judgment is not a relief of foreclosure, but a remedy that is ancillary to the foreclosure." 270 B.R. at 561. The court ruled: "Taking into account the contrasting equitable origin of foreclosure, this court believes that although a deficiency judgment may arise out of the foreclosure proceeding, it cannot be said to arise out of the foreclosure itself." *Id.* at 562. Accordingly, the court ordered that the debtor may avoid the deficiency judgment lien obtained by a mortgage lender upon the debtor's exempt residence for a deficiency that remained following the foreclosure sale of the debtor's non-residential property. *See id.*

The present court, in an oral ruling entered on July 18, 2000, in *In re Teixeira*, Case No. 00–20566, had granted the debtor's motion to avoid the creditor's judgment lien on facts that were a mirror image to the instant proceeding.[3] The recording of that proceeding discloses that this court concluded that, (1) in light of the general purpose of § 522(f) to provide a debtor with a remedy to protect the debtor's exempt property, and (2) to avoid the apparent windfall that would accrue to a creditor who liens exempt property with a mortgage-deficiency judgment obtained in a foreclosure of nonexempt property, such

---

**3.** The oral ruling was brought to the creditor's attention by the debtor's counsel who, by

chance, represented the secured creditor in *Teixeira*.

judgment lien did not fall within the contemplation of subsection (C).

### III.

#### CONCLUSION

 After giving due consideration to the rationales in the foregoing published (and oral) opinions, the court concludes that the debtor's motion shall be granted. The court believes the most compelling construction to be placed upon subsection (C) is to take into account the primary purpose of § 522(f) to benefit debtors. The court discounts the creditor's contention that Congress intended to grant holders of judgment liens arising from mortgage foreclosures on non-exempt property greater rights than other holders of judgment liens on the exempted property. The court considers it counterintuitive to hold that whether a debtor can avoid a judgment lien based upon a mortgage-deficiency judgment depends wholly upon the particular foreclosure system that a state employs. In short, the court concludes that the creditor's judgment lien in this proceeding is not protected by subsection (C). It is

SO ORDERED.