**In re Michael LINANE and Sheila Linane, Debtors.**

**No. 02 B 42557.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

March 17, 2003.

---

James L. DeVries, James L. DeVries, Ltd., Palos Hills, IL, for debtor.

Marilyn O. Marshall, Chicago, IL, trustee.

## MEMORANDUM OPINION AND ORDER

PAMELA S. HOLLIS, Bankruptcy Judge.

In their motion, Debtors Michael and Sheila Linane ("Debtors") seek to avoid judicial liens pursuant to 11 U.S.C.A. § 522(f)(1). Creditor Community Investment Corporation ("Creditor") objects to the motion, contending that the liens are exempted from avoidance by 11 U.S.C.A. § 522(f)(2)(C). For the reasons set forth below, the Debtors' motion is granted.

### BACKGROUND

The Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code on October 30, 2002. On January 22, 2003, the Debtors filed a motion to avoid two mortgage deficiency judgment liens held by the Creditor, the first obtained on June 10, 2002, totaling $58,803.42, and the second obtained on July 12, 2002, totaling

$25,251.83. The liens in question were obtained following foreclosure sales of non-residential properties owned by the Debtors, and presently encumber the Debtors' home residence.

## DISCUSSION

■ Section 522 of the Bankruptcy Code allows a debtor to exempt specified property from the bankruptcy estate. 11 U.S.C.A. § 522. Section 522(f)(1) provides, in pertinent part, that "the debtor may avoid the fixing of a lien on an interest of the debtor in the property to the extent that such lien impairs an exemption... if such lien is (A) a judicial lien". In this way, the section protects a debtor's exemption rights from diminution by creditor liens attached to the debtor's property, if the lien impairs an exemption to which the debtor would otherwise be entitled.

Section 522(f)(2) sets forth the criteria to determine whether a lien impairs an exemption:

(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

  i. the lien;

  ii. all other liens on the property; and

  iii. the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

Additionally, Section 522(f)(2)(C) states: "This paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure." The Creditor in this case argues that mortgage deficiency liens may not be avoided under the plain language of Section 522(f)(2)(C), because the underlying mortgage deficiency judgments arise out of mortgage foreclosures. The

question of whether such liens are implicated by Section 522(f)(2)(C) is a matter of first impression in this district.

The Creditor relies on two decisions for its construction of Section 522(f)(2)(C). In *In re Liberman*, 244 B.R. 557, (E.D.N.Y. 2000), *aff'd unpub. mem.*, *In re Liberman*, 2000 WL 1340520 (2nd Cir.2000), *cert. denied*, *Liberman v. Weinberg*, 531 U.S. 1164, 121 S.Ct. 1123, 148 L.Ed.2d 991 (2001), the court did not permit a *pro se* serial filer to stay the sale of his home following a mortgage foreclosure judgment. The court held that because the residence was worth less than the mortgage on his home, the debtor was "not entitled to claim an impairment of his exemption under 11 U.S.C. § 522(f), since no such exemption exists." *Id.* at 560. In *dicta*, the court cited Section 522(f)(2)(C) as support for preventing avoidance of the bank's "mortgage lien", but noted earlier that the debtor's arguments were confusing, and that the bank failed to submit any papers. *Id.* at 558–559. The court's analysis focused on permitting the foreclosure sale to stand and on upholding dismissal of the debtor's two cases. It did not closely examine Section 522(f)(2)(C) to determine whether it functions to exclude deficiency judgments from Section 522's general avoidance provisions.

In *In re Vincent*, 260 B.R. 617 (Bankr. D.Conn.2000), the court found that Section 522(f)(2)(C) is ambiguous and "arguably susceptible to each of the two different interpretations suggested by the parties." *Id.* at 621. Rejecting the debtor's argument that an otherwise unavoidable mortgage is transformed into an avoidable judicial lien upon entry of a foreclosure judgment, the court did not permit the debtor to avoid the mortgage deficiency judgment. Support for the Creditor's position in this case is lodged primarily in a footnote where the *Vincent* court observed

that "In Connecticut a deficiency judgment is part and parcel of a mortgage foreclosure action." *Vincent*, 260 B.R. at 622, note 3. This Court's interpretation of commensurate Illinois law is not in accord.

In Illinois, "the right in any foreclosure proceedings to proceed against the property and, in addition to secure a money judgment for any deficiency, provided the creditor receives only one satisfaction, is clear." *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1265–1266 (7th Cir. 1986), *citing Emerson v. LaSalle Nat. Bank*, 40 Ill.App.3d 794, 798–799, 352 N.E.2d 45 (2nd Dist.1976). The court shall enter a deficiency judgment against any party if otherwise authorized and to the extent requested in the complaint and proven by the foreclosure sale report. *See* 735 ILCS 5/15–1508(e). The deficiency judgment is based on an amount equal to the difference between the foreclosure sale price and the debt owed. *Illini Fed. Savings & Loan Assoc. v. Doering*, 162 Ill. App.3d 768, 771, 114 Ill.Dec. 454, 516 N.E.2d 609 (5th Dist.1987), *appeal denied*, 119 Ill.2d 557, 119 Ill.Dec. 386, 522 N.E.2d 1245 (1988).

From the outset, this Court notes that mortgage deficiency judgments, by their nature and operation, are sufficiently distinct from mortgage foreclosure proceedings to be outside the purview of Section 522(f)(2)(C). As the Ninth Circuit distinguished under the same circumstances (considering the avoidance of a "sold-out" junior lienholder's deficiency judgment): "A suit on the deficiency by a sold-out junior lienholder is a suit on the note without regard to the deed or the location of the property . . . [The resultant deficiency] lien is a judicial lien based upon a default judgment taken from the suit on the note and complaint for money damages." *In re Been*, 153 F.3d 1034, 1036 (9th Cir.1998); *see also In re Pascucci*, 225

B.R. 25, 28–29 (Bankr.D.Mass.1998) ("[debtor's] judgment is for a deficiency on a promissory note; it did not arise out of an action to foreclose."), *abrogated on other grounds by Nelson v. Scala*, 192 F.3d 32, 35 (1st Cir.1999).

The court in *In re Smith*, 270 B.R. 557, 561 (Bankr.W.D.N.Y.2001), adopted a different approach to distinguishing foreclosures from deficiency judgments, noting that under New York law, one form of relief is equitable and the other legal: "A judgment of foreclosure and sale arises out of a foreclosure, as an equitable suit . . . In contrast, a deficiency judgment is a legal remedy which, by statute, is allowed as a relief that is incidental to the foreclosure." Rulings in Illinois have likewise maintained the distinctness of deficiency judgments from foreclosures. For example, in *Berkeley Properties, Inc. v. Balcor Pension Investors, II*, 227 Ill.App.3d 992, 999, 169 Ill.Dec. 576, 592 N.E.2d 63 (1st. Dist. 1992), the court held:

> [T]he curtain does not fall when property is sold at foreclosure proceedings for less than the amount of the judgment. The law provides for avenues of relief which are available to the judgment debtor to contest the terms of the sale . . . [Therefore,] we reject the defendant's argument that a deficiency was finally established as a matter of law by the foreclosure sale itself.

Unquestionably, a deficiency judgment relates back to its associated foreclosure proceeding in that the deficiency amount coalesces into a discrete monetary sum when the sale is consummated. However, it is plain that under Illinois law, deficiency judgments, as a remedy, are distinct from, and complementary to foreclosures, and arise out of the underlying obligation, not "out of a mortgage foreclosure" as required by Section 522(f)(2)(C). As such, debtors are unhampered by Section

522(f)(2)(C) in avoiding mortgage deficiency liens. Although this Court's inquiry into Section 522(f)(2)(C) could end here, there is utility in extending our analysis further, since it is questionable whether a determination as to the reach of Section 522(f)(2)(C) should rest solely on the nature of a given state's foreclosure mechanism.

The First Circuit Bankruptcy Appellate Panel recently concluded that a debtor may avoid mortgage deficiency judgment liens without the necessity of construing diverse state foreclosure laws. *In re Hart,* 282 B.R. 70 (1st Cir. BAP 2002). The *Hart* panel closely examined the statutory structure of Section 522 and held that Section 522(f)(2)(C) was not included to create *any* exception to otherwise avoidable judicial liens, but was instead added to clarify that mortgage foreclosure *judgments,* which involve the sale and eventual transfer of a property's title to a third party, are not, and do not become, judicial liens subject to avoidance under Section 522:

> [W]e conclude that when Congress used the specific terms it did in enacting subparagraph § 522(f)(2)(C), it was contrasting mortgage foreclosure judgments from the liens which are avoidable under § 522(f). In other words, Congress was not creating an exclusion, it was providing clarification. Congress was making clear that the entry of a foreclosure judgment, which is essentially an order of sale, does not convert the underlying consensual mortgage into a judicial lien which may be avoided. Rather, a deficiency judgment— whether it arises in a foreclosure action as in Maine or in a separate action as in Massachusetts—is a non-consensual judicial lien like any other which is subject to avoidance under § 522(f).

*Id.* at 77.

Persuasively, the panel augmented its analysis by noting that all other exceptions to avoidance under Section 522 are catalogued in an entirely distinct subsection:

> If Congress had intended to exclude a judgment arising out of a mortgage foreclosure from avoidance under § 522(f), it easily could have accomplished that by putting an exclusion in § 522(f)(1), as it did for judicial liens arising out of alimony, maintenance and support, or by providing in § 522(f)(2)(C) that this subsection shall not apply with respect to a judgment arising out of a mortgage foreclosure. However, it did neither, and we must presume it acted intentionally. *Id.* at 75.

The policy basis for Section 522(f) is to enhance a debtor's "fresh start". *Id.* at 77, *citing Coats v. Ogg (In re Coats),* 232 B.R. 209, 213 (10th Cir. BAP 1999); *see also In re Holland,* 151 F.3d 547, 550 (6th Cir.1998). When a question arises as to the meaning of a specific phrase in § 522(f), it should be answered in the manner most consistent with the advancement of the debtor's "fresh start". *Hart* at 77; *In re Ware,* 274 B.R. 206, 209 (Bankr.D.S.C.2001); *In re Kellar,* 204 B.R. 22, 24 (Bankr.E.D.Ark.1996); *see also Been,* 153 F.3d at 1036. In this case, the Creditor offers no policy reason or legislative history argument for promoting mortgage deficiency judgment liens over other avoidable judgment liens.

In contrast to the reasoning of the Creditor's authority in *In re Vincent,* 260 B.R. 617 (Bankr.D.Conn.2000), a newer Connecticut decision, *In re Carson,* 274 B.R. 577 (Bankr.D.Conn.2002), held without reliance on state law that deficiency judgments may be avoided notwithstanding Section 522(f)(2)(C). In *Carson,* the court reiterated its position from an earlier ruling that Section 522(f) was fashioned, first, to offer debtors a remedy to protect ex-

empt property, and second, to avoid the windfall that would accrue to a creditor who liens exempt property with a mortgage deficiency judgment obtained in a foreclosure of nonexempt property. *Id.* at 579–580. The court found that deficiency judgments do not fall within the contemplation of Section 522(f)(2)(C), since, given the objectives of Section 522(f), Congress could not have intended to grant greater rights to holders of judgment liens from mortgage foreclosures on non-exempt property than other holders of judgment liens on the exempted property. *Id.* at 580. This Court agrees. Logic defies any argument in favor of entitling the Creditor in this case to special protections against avoidance of its deficiency judgment liens.

**CONCLUSION**

Accordingly, the Debtors' motion is hereby GRANTED. The Debtors may avoid the fixing of Community Investment Corporation's mortgage deficiency liens on their home residence to the extent that they impair the Debtors' exemption under Section 522(f)(2)(A).