DIMENSIONS MEDICAL CENTER, LTD., *et al.*, Plaintiffs-Appellants, v. ADVANCED AMBULATORY SURGICAL CENTER, INC., *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—97—3536

Opinion filed June 1, 1999.—Rehearing denied June 29, 1999.

Andrew J. Creighton, of Arlington Heights, for appellants.

Gardner, Carton & Douglas, of Chicago (Mark E. Furlane, of counsel), for appellee Advanced Ambulatory Surgical Center, Inc.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Karen J. Dimond, Assistant Attorney General, of counsel), for appellees Illinois Department of Public Health, John R. Lumpkin, and Illinois Health Facilities Planning Board.

PRESIDING JUSTICE O'BRIEN delivered the opinion of the court:

The Illinois Health Facilities Planning Board (the Board) approved defendant Advanced Ambulatory Surgical Treatment Center's application for a permit to create an ambulatory surgical treatment center in Chicago that would provide dental, gynecological, orthopedic, plastic, urological, pediatric, podiatric and general surgery. Plaintiffs Dimensions Medical Center, Ltd. (Dimensions), Access Center for Health, Ltd., and Access Health Center, Ltd., filed a timely complaint for administrative review in the circuit court challenging the Board's approval. The trial court determined that plaintiffs lacked standing and dismissed the complaint pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1996)). Plaintiffs appeal. We affirm.

## BACKGROUND

■ The legislature enacted the Illinois Health Facilities Planning Act (the Act) (20 ILCS 3960/1 *et seq.* (West 1996)) to reverse the trends of increasing costs of health care resulting from unnecessary construction or modification of health care facilities. 20 ILCS 3960/2 (West 1996). To that end, the Act created the Board, consisting of 15 members appointed by the Governor. 20 ILCS 3960/4 (West 1996). No person may construct, modify, or establish a health care facility without obtaining a permit or exemption from the Board. 20 ILCS 3960/5 (West 1996).

■ The Act affords an opportunity for a public hearing so that the applicant and any interested person may present public testimony concerning the approval or denial of the permit. 20 ILCS 3960/8 (West 1996). The Board shall authorize the issuance of a permit if it finds (1) the applicant is fit, willing, and able to provide a proper standard of health care service for the community; (2) economic feasibility is demonstrated; (3) safeguards are provided assuring that the establishment, construction or modification of the health care facility is consistent with the public interest; and (4) the health care facility is consistent with the orderly and economic development of such facilities and is in accord with standards and criteria promulgated by the Board. 20 ILCS 3960/6 (West 1996).

The Board has divided Illinois into 11 health service areas (HSAs) for purposes of evaluating the need for particular health care services therein. HSA VI contains the City of Chicago. HSA VII contains suburban Cook County and Du Page County. 77 Ill. Adm. Code § 1100.220 (1996).

Defendant filed an application for a permit (sometimes referred to as a certificate of need) to create an ambulatory surgical treatment center (ASTC) at 2333 North Harlem Avenue, which is located in HSA VI just across the street from HSA VII. In support of its application, defendant submitted a map of its geographic service area (a 15-mile, 30-minute radius), which showed that defendant would likely draw patients from HSA VI and HSA VII.

A public hearing regarding defendant's application was held on September 13, 1996. Plaintiffs Dimensions, Access Center for Health, Ltd., and Access Health Center, Ltd., which are all located in HSA VII, jointly objected to the issuance of a permit to defendant, claiming that other facilities in the area, including Dimensions, already provided the services defendant would provide. On January 23, 1997, the Board approved defendant's application.

On February 6, 1997, plaintiffs filed a complaint for administrative review. The court dismissed plaintiffs' complaint pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1996)), finding that the distance between plaintiffs and defendant was such that plaintiffs did not have standing to appeal the Board's decision to issue a permit to defendant. Plaintiffs filed a motion to reconsider, which the trial court denied. Plaintiffs then filed a timely notice of appeal to this court.

## DISCUSSION

■ Plaintiffs argue that the trial court erred in granting the Board's motion to dismiss their complaint for lack of standing.

Plaintiffs contend the Board waived the standing issue by failing to raise it at the public hearing. We rejected this same argument in *Dimensions Medical Center, Ltd. v. Suburban Endoscopy Center*, 298 Ill. App. 3d 93, 97 (1998), holding that the defense of lack of standing does not lie until a complaint for administrative review is filed in the circuit court. *Dimensions*, 298 Ill. App. 3d at 97. We adhere to our holding in *Dimensions* and find that the Board preserved the standing issue by raising it in the circuit court.

■ We now address the merits of the trial court's order granting the Board's section 2—619 motion to dismiss. Although other courts have employed an abuse of discretion standard of review when analyzing standing (see *Amtech Systems Corp. v. Illinois State Toll Highway Authority*, 264 Ill. App. 3d 1095, 1101 (1994); *City of Carbondale v. City of Marion*, 210 Ill. App. 3d 870, 873 (1991)), the issue of standing is a matter of law and therefore properly subject to *de novo* review. Accord *Cashman v. Coopers & Lybrand*, 251 Ill. App. 3d 730, 733 (1993).

■ Section 11 of the Act states that "[a]ny person who is adversely affected by a final decision of the State Board may have such decision judicially reviewed." 20 ILCS 3960/11 (West 1996). In *Condell Hospital v. Illinois Health Facilities Planning Board*, 161 Ill. App. 3d 907, 933 (1987), *aff'd*, 124 Ill. 2d 341 (1988), this court held that a "competing health care facility" was an "adversely affected person" and therefore had standing to challenge a final decision of the Board granting a certificate of need for construction of a new hospital. See also *Dimensions*, 298 Ill. App. 3d at 98 (citing *Condell* and holding that "plaintiffs may be said to have standing to challenge the Planning Board's approval [of a permit to begin operating an ASTC] if, within the administrative record, they are shown to be 'competing health care facilities' ").

■ Defendant argues that plaintiffs are not competing health care facilities because they provide different types of services than those provided by defendant. Specifically, defendant contends that plaintiffs are primarily pregnancy-termination facilities.

The record shows that plaintiffs Access Center for Health, Ltd., and Access Health Center, Ltd. (hereinafter referred to as Access), jointly operate a single-specialty ambulatory surgical treatment center limited to pregnancy terminations. As such, Access cannot be considered as competing with defendant, a multispecialty ASTC providing dental, gynecological, orthopedic, plastic, urological, pediatric, podiatric and general surgery. Access basically concedes as much in its reply brief, although it points out that it has applied for a permit to operate a multispecialty ASTC similar to defendant. However, that permit has been denied, and Access continues to oper-

ate as a single-specialty pregnancy-termination facility. Therefore, Access is not competing with defendant, and the trial court did not err in finding that Access lacked standing to challenge the Board's approval of defendant's permit.

■ Our review of the record indicates that, unlike Access, plaintiff Dimensions (hereafter referred to as plaintiff) is a multispecialty ASTC that in 1995 provided gynecology procedures, urology procedures, general surgery procedures, gastroenterology procedures, plastic surgery procedures, and podiatry procedures. Defendant provides many of the same surgical procedures including gynecological, plastic, urological, podiatric and general surgery.

Defendant argues that even if there is some overlap in services provided, plaintiff is not a competing health care facility because it serves a different area than defendant. Plaintiff is located in HSA VII, at 1455 Golf Road in Des Plaines; defendant is located in HSA VI, at 2333 North Harlem Avenue in Chicago.

Plaintiff argues that although defendant is technically located in HSA VI, it is just across the street from Elmwood Park, which is HSA VII. Plaintiff argues that given its proximity to HSA VII, defendant would likely draw patients away from plaintiff; therefore, plaintiff and defendant should be considered competing health care facilities. Plaintiff cites in support *Springwood Associates v. Health Facilities Planning Board*, 269 Ill. App. 3d 944, 951 (1995), which stated:

> "[T]he arbitrary use of county lines may prevent the objectives of the Act from being achieved when a proposed facility is to be located very near such a line. Where services or facilities similar to those proposed in a permit application are available in the immediate area, although across a political boundary, the existence of such services or facilities could influence the desirability and practicality of adding a new facility or expanding an existing facility."

Defendant concedes that under *Springwood*, plaintiff's location in a different HSA is not dispositive as to whether it is a competing health care facility. Rather, the actual distance between plaintiff and defendant must be considered.

Defendant's map of its geographic service area shows that plaintiff and defendant are more than 30 minutes apart from each other. Board rules make clear that health care facilities more than 30 minutes apart from each other are generally too far away to be considered as serving the same population. See 77 Ill. Adm. Code § 1110.230(a)(2) (1996) (the applicant must document that the location for its ASTC will not create a maldistribution of services; when determining if such a maldistribution exists, the Board looks at the utilization rates of other facilities "within 30 minutes travel time under normal driving conditions of the proposed project").

Plaintiff is located more than 30 minutes from defendant. Pursuant to the Board's rules, plaintiff cannot be considered a competing health care facility and therefore it lacks standing to challenge the Board's grant of a permit to defendant.

For the foregoing reasons, we affirm the trial court's order dismissing plaintiffs Access' and Dimensions' complaint for lack of standing. As a result of our disposition of this case, we need not address plaintiffs' other arguments on appeal.

Affirmed.

GALLAGHER and O'MARA FROSSARD, JJ.; concur.