# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Nationwide Advantage Mortgage Co. v. Ortiz*, 2012 IL App (1st) 112755

---

| | |
|---|---|
| Appellate Court Caption | NATIONWIDE ADVANTAGE MORTGAGE COMPANY, Plaintiff-Appellee, v. MIGUEL ORTIZ, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>Docket No. 1-11-2755 |
| Filed | June 29, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In mortgage foreclosure proceedings, defendant forfeited his claim that plaintiff lacked standing to bring the action by failing to raise the issue until after the foreclosure judgment was entered, and the sale was properly confirmed. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CH-39049; the Hon. Mathias Delort, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal Peter T. Silvern and Jennifer L. Kanik, both of Law Offices of Peter T. Silvern, of Evanston, for appellant.

Jennifer E. Frick, of Codilis & Associates, P.C., of Burr Ridge, for appellee.

Panel PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion.

Justices Garcia and Palmer concurred in the judgment and opinion.

**OPINION**

¶ 1 On October 14, 2009, plaintiff Nationwide Advantage Mortgage Company brought a mortgage foreclosure action, seeking possession of the property located at 7462 North Ridge Boulevard, Chicago, Illinois, where defendant Miguel Ortiz was the sole mortgagor. On March 10, 2010, plaintiff was granted judgment for foreclosure and sale pursuant to the Illinois Mortgage Foreclosure Law (the Law) (735 ILCS 5/15-1101 *et seq.* (West 2010)). Defendant subsequently filed motions to withdraw his answer and to dismiss plaintiff's complaint under section 2-619 of the Illinois Code of Civil Procedure (735 ILCS 5/2-619 (West 2010)) for lack of standing. The trial court granted defendant's motions, finding that the assignment of the mortgage note to plaintiff was not executed until November 4, 2009, which was after October 14, 2009, when plaintiff filed the mortgage foreclosure complaint. During the 30 days between the grant of defendant's motion to dismiss and the deadline for plaintiff to file a motion to reconsider, this court decided *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 6-7 (2010), which held that a mortgagor was prohibited from raising the affirmative defense of standing after the entry of a foreclosure order. After reviewing this decision, the trial court granted plaintiff's motion to reconsider and vacated its dismissal of the case for lack of standing on March 11, 2011. Defendant then moved for reconsideration of the March 11 order, and the trial court denied the motion. On August 17, 2011, plaintiff's sale was confirmed.

¶ 2 Defendant's notice of appeal states that he appeals the trial court's order of August 17, 2011, confirming the sale, and the order of June 23, 2011, denying defendant's motion to reconsider.

¶ 3 We affirm for the following reasons: (1) defendant forfeited his lack of standing defense, and (2) the trial court properly confirmed the judicial sale of defendant's property.

¶ 4        BACKGROUND

¶ 5 Defendant Miguel Ortiz is the sole mortgagor of the subject property, located at 7462 North Ridge Boulevard in Chicago, and has continued to reside at the property since the mortgage was executed on April 18, 2008. During this time, defendant rebuilt the first floor

of the property into a licensed and operating day care center. The mortgage defines: defendant as the borrower, Equity Mortgage Corporation (EMC) as the lender, and "Mortgage Electronic Registration Systems" (MERS) as the mortgagee. The note secured by the mortgage provided that the lender could transfer the note and that anyone who received the note by transfer was entitled to receive payments under the note and would be called the "Note Holder."

¶ 6        On October 14, 2009, plaintiff filed a verified complaint to foreclose the mortgage, alleging that defendant was in default of the mortgage loan in the amount of $301,821.34 in unpaid principal. The complaint alleges that defendant had not paid the monthly installments of principal, taxes, interest, and insurance since February 1, 2009. Plaintiff's complaint further alleges that it brought the suit as the legal holder of the indebtedness. On November 13, 2009, defendant filed an appearance *pro se* and a verified answer.

¶ 7        On January 20, 2010, plaintiff filed motions for summary judgment and judgment of foreclosure and sale. A briefing schedule was set on the motion for summary judgment, which gave defendant until February 10, 2010, to file a response. Defendant failed to respond by the February 10 deadline, and at the March 10, 2010, hearing date, the trial court granted plaintiff summary judgment and judgment for foreclosure and sale. Defendant did not appear. Pursuant to the judgment order, plaintiff subsequently scheduled a judicial sale of the property for May 12, 2010. Thereafter, defendant obtained counsel, who, on June 6, 2010, filed an appearance and a motion to stay the judicial sale. The trial court granted the motion and stayed the sale until July 12, 2010. On July 12, 2010, the property was purchased by plaintiff at the judicial sale for the amount of the total debt owed. On August 17, 2010, plaintiff moved to confirm the sale.

¶ 8        Defendant obtained new counsel, who, on August 30, 2010, moved to withdraw defendant's answer and filed a section 2-619(a)(9) motion to dismiss claiming lack of standing, based on the claim that plaintiff was assigned the note and mortgage after the time the foreclosure action was filed. Defendant claimed in its motion to dismiss that the foreclosure action was filed on October 14, 2009, and that the assignment was not executed until November 4, 2009. Plaintiff claimed in its supplemental response that it had been assigned the note before the foreclosure was filed, and that the assignment was not recorded until November 4. Plaintiff argued that "Illinois law does recognize oral assignments as valid" (see *Buck v. Illinois National Bank & Trust Co.*, 79 Ill. App. 2d 101, 105 (1967)) and that the creation and existence of an assignment should be determined by the intention of the parties, which is to be derived not only from the executed instruments but also the surrounding circumstances. *Angelina County Lumber Co. v. Michigan Central R.R. Co.*, 252 Ill. App. 82, 89 (1929).

¶ 9        On November 20, 2010, the trial court found that the assignment occurred after the action was filed and that plaintiff had violated a local rule which states that, "[a]ny and all assignments or other documents (as applicable) demonstrating the movant's standing to foreclose" must be submitted to the court prior to the consideration of entry of an order for judgment. Cook Co. Cir. Ct. Mortgage Foreclosure Courtroom Procedures, Particular Motions II(B)(2) (eff. Apr. 1, 2011). The trial court found that the complaint must be dismissed and refiled. The trial court denied defendant's motion to withdraw the answer as

being moot, since the case was being dismissed.

¶ 10    During the 30 days between the grant of defendant's motion to dismiss and the deadline for plaintiff to file a motion to reconsider, this court decided *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 6-7 (2010), which generally held that a defendant mortgagor could not raise the affirmative defense of standing after the entry of a foreclosure order. In response, plaintiff filed a motion to reconsider, arguing that defendant's request for relief was not timely, citing *Barnes*. Plaintiff also claimed that the trial court had misapplied plaintiff's burden and the evidentiary standard under section 2-619. On March 11, 2011, the trial court reversed itself on plaintiff's motion to reconsider, relying on the *Barnes* decision as instructive, and vacated its November 2010 order. On April 11, 2011, defendant filed a motion to reconsider, which was denied. In response to plaintiff's motion to confirm the sale, defendant claimed that the "full debt" bid resulted in an unconscionable sale price. However, on August 17, 2011, the trial court entered an order confirming the sale.

¶ 11    On September 15, 2011, defendant filed a timely notice of appeal, which stated that he was appealing: (1) the order confirming the sale of August 17, 2011, which denied his objection to the confirmation of sale; and (2) the June 23, 2011, order, which denied the defendant's motion to reconsider the trial court's March 11, 2011, order in which it "reversed itself."

¶ 12                                    ANALYSIS

¶ 13    Defendant appeals (1) the trial court's order confirming the sale, entered on August 17, 2011, and (2) the trial court's order denying defendant's motion to reconsider entered on June 23, 2011.

¶ 14    For the following reasons, we find (1) that defendant forfeited his lack of standing defense and (2) that the trial court properly confirmed the judicial sale of defendant's property.

¶ 15                              I. Standard of Review

¶ 16    There are two issues for our review: (1) the granting of the section 2-619 dismissal for plaintiff's failure to show standing to bring a foreclosure action and (2) the denial of defendant's motion to reconsider. The standard of review for both issues is *de novo*.

¶ 17    The appellate review of a trial court's dismissal pursuant to section 2-619 of the Illinois Code of Civil Procedure is subject to a *de novo* review. *Builders Bank v. Barry Finkel & Ass'ns*, 339 Ill. App. 3d 1, 6 (2003). The issue is " 'whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law.' " *Builders Bank*, 339 Ill. App. 3d at 6 (quoting *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17 (1993)). In making this determination, all pleadings and supporting documents will be construed in the light most favorable to the nonmoving party. *Builders Bank*, 339 Ill. App. 3d at 6.

¶ 18    *De novo* review is also proper where a motion to reconsider raises a question of whether

the trial court erred in its previous application of existing law. *JP Morgan Chase Bank v. Fankhauser*, 383 Ill. App. 3d 254, 259 (2008); *Duresa v. Commonwealth Edison Co.*, 348 Ill. App. 3d 90, 97 (2004). In this case, defendant appeals the order denying the defendant's motion to reconsider the order entered on June 23, 2011, which granted plaintiff's motion to reconsider and vacated the dismissal of plaintiff's complaint.

¶ 19    The issue of standing is a matter of law and is also subject to *de novo* review. *Malec v. City of Belleville*, 384 Ill. App. 3d 465, 468 (2008) (quoting *Dimensions Medical Center, Ltd. v. Advanced Ambulatory Surgical Center, Inc.*, 305 Ill. App. 3d 530, 534 (1999)).

¶ 20    Under the *de novo* standard of review, the reviewing court does not need to defer to the trial court's judgment or reasoning. *People v. Vincent*, 226 Ill. 2d 1, 14 (2007). *De novo* review is completely independent of the trial court's decision. *United States Steel Corp. v. Illinois Pollution Control Board*, 384 Ill. App. 3d 457, 461 (2008). *De novo* consideration means that the reviewing court performs the same analysis that a trial judge would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011).

¶ 21                                II. Standing

¶ 22    The main issue on this appeal is whether the trial court correctly granted plaintiff's motion to reconsider, which denied defendant's section 2-619(a)(9) motion to dismiss plaintiff's complaint for lack of standing.

¶ 23    On December 3, 2010, this court issued an opinion in *Barnes,* 406 Ill. App. 3d at 7, which held that when a defendant fails to argue a lack of standing before a foreclosure judgment, that argument is forfeited and the defendant is barred from litigating the issue later.

¶ 24    "The doctrine of standing is designed to preclude persons who have no interest in a controversy from bringing suit," and "assures that issues are raised only by those parties with a real interest in the outcome of the controversy." *Glisson v. City of Marion*, 188 Ill. 2d 211, 221 (1999). "[S]tanding requires some injury in fact to a legally cognizable interest ***." *Glisson*, 188 Ill. 2d at 221. Our Illinois Supreme Court has stated that the ''lack of standing in a civil case is an affirmative defense, which will be forfeited if not raised in a timely fashion in the trial court." *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 508 (1988); *People v. Kelly*, 397 Ill. App. 3d 232, 265 (2009). As an affirmative defense, the lack of standing is the defendant's burden to plead and prove. *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 252-53 (2010).

¶ 25    In *Barnes*, the defendant mortgagor failed to answer the complaint, was defaulted, and thereafter successfully petitioned the trial court for a continuation of the sale. *Barnes,* 406 Ill. App. 3d at 7. The defendant then attempted to raise the standing issue after the order of foreclosure and in response to a motion to confirm the sale. *Barnes*, 406 Ill. App. 3d at 4. We found that the defendant had failed to timely raise the standing issue and, as a result, forfeited it. *Barnes*, 406 Ill. App. 3d at 6-7. Since the defendant forfeited the standing issue, we did not need to consider whether the plaintiff actually had standing.

¶ 26    Similarly, in the case at bar, defendant challenged plaintiff's standing to bring the foreclosure action after the trial court had already granted plaintiff's motion for summary

judgment and judgment for foreclosure and sale. It was not until plaintiff moved to confirm the sale that defendant filed a section 2-619(a)(9) motion to dismiss based on lack of standing. The holding in *Barnes* instructed us to find that because defendant did not raise the standing issue until after the foreclosure judgment was entered, he effectively forfeited that defense.

¶ 27 Defendant argues that the trial court was not required to follow *Barnes* in determining whether he timely raised the standing issue because: (1) the trial court had compelling reasons for departing from *Barnes*, (2) a factual difference justifies distinguishing the present case from *Barnes*, (3) the part of the *Barnes* opinion dealing with the timeliness of raising the standing issue was *obiter dicta* and therefore not binding, (4) there are public policy reasons for departing from the decision in *Barnes*, and (5) the trial court should have denied plaintiff's motion to reconsider due to its equitable nature as a "chancery court."

¶ 28 First, defendant argues that the trial court in this case had two compelling reasons for departing from *Barnes*: (1) plaintiff failed to demonstrate that it had standing prior to filing the foreclosure, and (2) *Barnes* is not well-established law. Compelling reasons *may* require a court to depart from prior precedent; however, this does not apply in cases where the court is merely of "the opinion that it might decide otherwise were the question a new one." (Internal quotation marks omitted.) *People v. Robinson*, 187 Ill. 2d 461, 463-64 (1999). Any departure from *stare decisis* must be "specifically justified." (Internal quotation marks omitted.) *People v. Suarez*, 224 Ill. 2d 37, 50 (2007). The doctrine of *stare decisis* "expresses the policy of the courts to stand by precedents and not to disturb settled points." (Internal quotation marks omitted.) *Suarez*, 224 Ill. 2d 37 at 49 (quoting *People v. Sharpe*, 216 Ill. 2d 481, 519 (2005), quoting *Neff v. George*, 364 Ill. 306, 308-09 (1936)). The purpose is to ensure that these points of law will not be lightly overruled. *Moehle v. Chrysler Motors Corp.*, 93 Ill. 2d 299, 304 (1982). Defendant does not provide a specific justification for why we should depart in this case from our recent ruling in *Barnes*. The fact that the recent decision in *Barnes* is not yet well-established law is not a compelling reason to ignore it. The purpose of *stare decisis* is to "ensure that the law will not merely change erratically, but will develop in a principled and intelligible fashion." *Chicago Bar Ass'n v. Illinois State Board of Elections*, 161 Ill. 2d 502, 510 (1994). This development could never occur if appellate courts were able to deviate from any of their prior decisions because they were not yet considered "well established."

¶ 29 Second, defendant notes that the precedential value of a decision is limited to its particular facts. *People v. Allen*, 351 Ill. App. 3d 599, 606 (2004). In this case, defendant filed a motion to dismiss for lack of standing as part of a motion seeking leave of court to amend his answer, while in *Barnes*, the defendant sought a motion to vacate the judgment. Defendant argues that this factual difference is enough to distinguish the present case from *Barnes*. We do not find this argument persuasive. The fact that the defendant in *Barnes* raised the standing issue in a motion to vacate rather than some other kind of motion was not "very significant" to the holding of the case. *Prairie Eye Center, Ltd. v. Butler*, 305 Ill. App. 3d 442, 448 (1999). What was of legal significance is the time at which the defendant raised the defense. Both cases involve mortgage foreclosure claims where the defendant attempted to raise a question as to the plaintiff's standing to bring the action after a foreclosure

judgment had already been entered. Thus, the result should be the same.

¶ 30    Third, defendant argues that the part of the *Barnes* opinion discussing defendant's forfeiture of the standing issue was *obiter dicta*. "*Obiter dicta*" is defined as comments in a judicial opinion that are unnecessary to the disposition of the case. *People v. Williams*, 204 Ill. 2d 191, 206 (2003). "A dictum is 'any statement made by a court for use in argument, illustration, analogy or suggestion. It is a remark, an aside, concerning some rule of law or legal proposition that is not necessarily essential to the decision and lacks the authority of adjudication.' " *United States v. Crawley*, 837 F.2d 291, 292 (7th Cir. 1988) (quoting *Stover v. Stover*, 483 A.2d 783, 786 (Md. Ct. Spec. App. 1984)). Defendant argues that forfeiture was outside the central issue raised in the *Barnes* appeal, which was whether the plaintiff had standing to bring the claim due to its status as a nominee rather than the owner of the mortgage note. See *Cates v. Cates*, 156 Ill. 2d 76, 80 (1993). Defendant argues that, therefore, the court's finding that Barnes had forfeited the standing issue after the foreclosure judgment had been entered is not binding authority. We do not find this argument persuasive. In *Barnes*, this court held that the plaintiff did have standing; however, because we found that the defendant had forfeited the standing defense through her default, the determination of whether the plaintiff had standing when it filed the claim was irrelevant. *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 6 (2010). We made an explicit finding about the timing and the ability of a defendant to raise a standing issue, which was essential to the outcome of the dispute and effectively became a holding of the case. *Barnes*, 406 Ill. App. 3d at 6. Regardless of whether the plaintiff was found to have standing, the defendant was still prohibited from raising the defense.

¶ 31    Fourth, defendant notes that a court may reasonably deviate from precedent when public policy demands or where serious detriment is likely to arise that will prejudice the public interest. *Moehle v. Chrysler Motors Corp.*, 93 Ill. 2d 299, 304 (1982). Defendant argues that the *Barnes* decision disproportionally impacts the rights of non-English-speaking, uneducated, or unsophisticated homeowners, who do not understand their rights in the foreclosure process. Defendant claims that court must weigh the choice between "relative evils": between deviating from established law and doing what is "right" or "just," which may be counter to precedent. *Prall v. Burckhartt*, 299 Ill. 19, 41 (1921). Specific to this case, defendant argues that this court must weigh *Barnes*'s effect on limiting frivolous claims designed to block foreclosure against *Barnes*'s effect in prohibiting borrowers with legitimate claims and defenses from having their day in court.

¶ 32    Although it is in the public interest to prevent lenders from filing foreclosure actions before the note has been assigned to them (Cook Co. Cir. Ct. Mortgage Foreclosure Courtroom Procedures, Particular Motions II(B)(2) (eff. Apr. 1, 2011)), it is also in the public interest to prevent defendants in mortgage foreclosure actions, who have consistently defaulted on their mortgage payments, from raising a standing defense so late in the case in an attempt to further evade their financial commitments.

¶ 33    Lastly, defendant argues that the equitable nature of chancery courts, combined with the law's specific grant of power to determine whether "justice was not otherwise done," should have resulted in the trial court's denial of plaintiff's motion to reconsider. Defendant claims that the application of the *Barnes* decision to this case will result in great injustice, resulting

from the potential loss of defendant's primary residence and business. Defendant states that chancery courts have been given equitable power of fairness and justice through the history of Illinois courts, and that trial courts are justified in disapproving a judicially mandated foreclosure sale if unfairness is shown that it is prejudicial to any interested party. *JP Morgan Chase Bank v. Fankhauser*, 383 Ill. App. 3d 254, 263 (2008).

¶ 34    While there are institutional concerns relating to lenders filing foreclosure cases without finalizing the transfer of the loans to their name and while there is not clear evidence that plaintiff owned the loan at the time the claim was filed, the fact that defendant was living on the subject property for nearly two years without making a mortgage payment cannot be ignored. Furthermore, at the time the foreclosure action was filed, defendant had not made a mortgage payment in eight months. Therefore, after several months of evading payment on his mortgage, defendant's inability to raise a defense based on plaintiff's lack of standing is not unfair. Although there are concerns about the documentation practices of the lending industry, it is for the legislature to cure these evils. It is this court's role to follow the law as made and provided, and to follow precedent under *stare decisis*, and in this case, *Barnes* is controlling.

¶ 35    Finally, although not addressed in defendant's brief, plaintiff argues that the trial court properly confirmed the July 12, 2010, judicial sale. The statutory law states that "[u]nless the court finds that (i) a notice required in accordance with subsection (c) of section 15-1506 was not given, (ii) the terms of the sale were unconscionable, (iii) the sale conducted fraudulently or (iv) that justice was otherwise not done, the court shall then enter an order confirming the sale." 735 ILCS 5/15-1508(b) (West 2010). Defendant objected to plaintiff's motion to confirm the sale, claiming that the full debt bid offered was unconscionable. The price of properties sold at judicial sales is dependent on a number of factors, and these properties may not be sold for their full value. *Lyons Savings & Loan Ass'n v. Gash Associates*, 189 Ill. App. 3d 684, 689 (1989) (quoting *Illini Federal Savings & Loan Ass'n v. Doering*, 162 Ill. App. 3d 768 (1987)), *cert. denied*, 129 Ill. 2d 564 (1990). When there is no fraud or other irregularity in the foreclosure proceeding, the price at which the property is sold is the conclusive measure of its value. *Loeb v. Stern*, 198 Ill. 371, 383 (1902). " '[I]t is a firmly established rule that unless there is evidence of mistake, fraud, or violation of duty by the officer conducting the sale, mere inadequacy of price alone is not sufficient cause for setting aside a judicial sale.' " *Lyons Savings & Loan Ass'n*, 189 Ill. App. 3d at 689 (quoting *Illini Federal Savings & Loan Ass'n*, 162 Ill. App. 3d at 771). Therefore, in this case, the trial court correctly confirmed the July 12, 2010, judicial sale of defendant's property.

¶ 36                                                  CONCLUSION

¶ 37    For the foregoing reasons, we find (1) that defendant forfeited his lack of standing defense and (2) that the trial court properly confirmed the judicial sale of defendant's property.

¶ 38    Affirmed.