2021 IL App (2d) 200691
No. 2-20-0691
Opinion filed April 13, 2021

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| *In re* T.C., a Minor | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| | ) | |
| | ) | No. 19-JA-200 |
| | ) | |
| (The People of the State of Illinois, | ) | Honorable |
| Petitioner-Appellee, v. Brittany W., | ) | Valerie Boettle Ceckowski, |
| Respondent-Appellant). | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Jorgensen and Schostok concurred in the judgment and opinion.

## OPINION

¶ 1     Respondent, Brittany W., appeals from the trial court's ruling that her son, T.C., is a neglected minor. For the reasons that follow, we affirm in part, vacate in part, and remand for further proceedings.

¶ 2                                        I. BACKGROUND

¶ 3     Respondent gave birth to T.C. in August 2019. In September 2019, the State filed a petition for adjudication of wardship and temporary custody, alleging that T.C. was (1) dependent in that respondent could not provide proper care for him due to respondent's mental disability and cognitive impairments and (2) neglected in that his environment was injurious to his welfare in that respondent is not mentally capable of providing proper care for him. A putative father was identified, with DNA testing pending.

¶ 4     Following a shelter-care hearing, a temporary custody order was entered. As probable cause to believe that T.C. was neglected and dependent, the court found that respondent was mentally incapable of providing proper care in that "she suffers from mental illness and epilepsy that is untreated."

¶ 5     During the ensuing nine months, three additional putative fathers were identified, including Simon Gorelik. DNA testing indicated that Gorelik was T.C.'s biological father. On July 7, 2020, the trial court entered an order establishing Gorelik as the father and stating, "he has been advised that he now has all the rights and responsibilities as father and has waived a hearing in this matter through his attorney."

¶ 6     On August 11, 2020, a proposed order labeled "Findings and Order of Adjudication" was submitted to the court. The order contemplated (1) Gorelik's admission to the two counts in the State's petition, (2) the court's acceptance of both Gorelik's admission and the factual basis set forth in the order, and (3) the court's finding, based on the admission and the factual basis, that both counts of the neglect petition were proven by a preponderance of the evidence. An order was entered setting pretrial for September 10, 2020, and requiring that any motions regarding a stipulation to the adjudication be filed prior to the pretrial date.

¶ 7     On August 25, 2020, respondent filed a "Motion to Refuse Proposed Admission," attaching as an exhibit a copy of the proposed findings and order of adjudication. Respondent's motion alleged, *inter alia*, that respondent's and Gorelik's relationship was purely physical, that they had no prior or subsequent relationship, that Gorelik was not a mental health professional and had no personal knowledge of respondent's mental health history, and that Gorelik was biased because he did not want respondent to take the pregnancy to term.

¶ 8    Both the State and the guardian *ad litem* (GAL) filed responses to respondent's motion, arguing that Gorelik's admission, coupled with exhibits offered by the State regarding respondent's mental health were *sufficient for the court to make a finding of neglect. The State's exhibits were* documentation of a Department of Children and Family Services investigation, a "Medical Psychology Services Neuropsychology Discharge Summary," and a psychological evaluation. Respondent replied to the responses, arguing that Gorelik's admission was deficient because he lacked sufficient knowledge to make the admission and that the acceptance of the admission would violate respondent's rights to due process. Respondent also requested the opportunity to cross-examine Gorelik.

¶ 9    Prior to the court's ruling on respondent's motion, Gorelik filed a response to the motion, stating, *inter alia*, that the factual basis for the proposed findings and adjudication "does not rely on any personal knowledge of [Gorelik]," the facts alleged in the proposed findings and adjudication "are very specific and do not include any statements or actions of [Gorelik]," and Gorelik "is not the source of any of the statements relied upon by State" in its proposed order.

¶ 10   On October 29, 2020, the trial court denied respondent's motion and accepted Gorelik's admission. The court also admitted, over respondent's objection, the exhibits offered by the State. The court entered its findings and order of adjudication, finding T.C. to be both neglected and dependent, and on November 12, 2020, it entered a dispositional order over respondent's objection, making T.C. a ward of the court.

¶ 11   Respondent timely appealed.

¶ 12                                II. ANALYSIS

¶ 13   On appeal, respondent challenges only the trial court's adjudication of neglect. First, she argues that Gorelik's admission was not knowing and voluntary, because the record "is devoid of

any evidence that [Gorelik] had been informed of the nature of the proceedings or the consequence of his admission." Respondent cites two cases in which the consequence of the respondent parent's admission was loss of custody of the child. See *In re Moore*, 87 Ill. App. 3d 1117 (1980), and *In re Smith*, 77 Ill. App. 3d 1048 (1979). She also cites *In re Johnson*, 102 Ill. App. 3d 1005, 1012-13 (1981), in which this court stated that

> "for the admission of a parent to be valid in the adjudicatory phase of a neglect proceeding, it must be apparent from the record that the parent making the admission understood the consequences of his admission—that a finding of neglect gives the court jurisdiction of the minor who then becomes subject to the dispositional powers of the court."

¶ 14    The State responds that respondent lacks standing to make this claim, citing *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 252-53 (2010), for the proposition that the "doctrine of standing is to insure that issues are only before the [c]ourt when raised by parties with a real interest in the resolution of the issue." The State further asserts that, standing aside, the record shows that Gorelik was admonished of the consequences of his admission and stipulation.

¶ 15    The State's argument that respondent lacks standing to challenge Gorelik's admission was not raised in the trial court and is accordingly forfeited. See *Nationwide Advantage Mortgage Co. v. Ortiz*, 2012 IL App (1st) 112755, ¶ 24. Forfeiture aside, the argument that a party lacks standing to represent his or her own interests is patently without merit. At the same time, we reject respondent's contention that "the record is devoid of any evidence that [Gorelik] had been informed of the nature of the proceedings or the consequence of his admission." We have held that the trial court is not required to admonish a respondent in a termination-of-parental-rights proceeding regarding the consequence of his or her admission to unfitness or to inquire regarding the voluntariness of his or her admission. See *In re Tamera W.*, 2012 IL App (2d) 111131, ¶ 34.

However, a neglect stipulation "must be intelligently and voluntarily made; that is, it must be apparent from the record that the party making the admission was aware of the consequences of his admission." *Johnson*, 102 Ill. App. 3d at 1013 (record was "completely devoid of any indication that [the respondent] understood the consequences of his admission [to neglect]."

¶ 16    Here, Gorelik filed his appearance through counsel five days after his DNA test indicated that he was the biological father, and he was represented throughout the proceedings. A month after filing his appearance, an order was entered establishing him as the biological father and stating that he "has been advised that he now has all the rights and responsibilities as father and has waived a hearing in this matter through his attorney." In his response to the motion to refuse his admission, Gorelik stated that he was prepared to stipulate to the entry of the proposed findings and order of adjudication. The record sufficiently supports a finding that Gorelik entered his admission knowingly and voluntarily and was prepared to relinquish any custody interest in T.C.

¶ 17    Next, respondent argues that the court erred in accepting Gorelik's admission as a basis for a finding of neglect, because he had no direct knowledge of the facts to which he was admitting. The State responds that Gorelik had reviewed the proposed findings and adjudication order and the "supporting discovery," *i.e.*, the State's exhibits.

¶ 18    Respondent notes that, in Gorelik's response to her motion, he admitted that he had no personal or direct knowledge. Although respondent cites cases where the stipulating respondent had direct knowledge, she does not offer supporting authority for her contention that Gorelik was *required* to have personal knowledge. We are unpersuaded that Gorelik's personal knowledge, direct or otherwise, affects the fact that his admission is effective as to him and he is bound by it.

¶ 19    Finally, respondent argues that the admission of Gorelik, a noncustodial parent, coupled with exhibits that were accepted over her objection, was an insufficient basis for a finding of

neglect. According to respondent, she was not afforded the rights to which she is entitled under the Juvenile Court Act as a parent and a party respondent—"the right to be present, to be heard, to present evidence material to the proceedings, to cross-examine witnesses, to examine pertinent court files and records" (705 ILCS 405/1-5(1) (West 2018). The State responds that the basis for the court's ruling was Gorelik's admission "in conjunction" with the exhibits, which "provide the required factual basis to support the adjudication of [T.C.] as neglected"; taken together, the admission and the exhibits "properly supported the trial court's determination" of neglect.

¶ 20    We note that the cases cited by the State stand for the proposition that a *custodial* parent's admission and stipulation may be sufficient to support a finding of abuse or neglect. See, *e.g.*, *In re R.B.*, 336 Ill. App. 3d 606, 616 (2003) ("[a] custodial parent's admission and stipulation, *by itself*, may be sufficient to support a finding of abuse or neglect," though the court must also consider the factual basis therefor (emphasis in original)); *In re April C.*, 326 Ill. App. 3d 225 (2001) (one custodial parent's stipulation held sufficient); see also *In re A.L.*, 2012 IL App (2d) 110992, ¶ 32 (custodial parent's "right to due process was not violated when at the adjudicatory stage the trial court accepted her stipulation of neglect without inquiring as to the factual basis"). We decline to extend the State's authorities to the present circumstances, where a noncustodial parent's admission and stipulation purports to bind the custodial parent.

¶ 21    The question in this case is whether the trial court's acceptance of Gorelik's admission and the State's exhibits as the factual basis for its adjudication deprived respondent of a meaningful opportunity to be heard. The order adjudicating T.C. a neglected and dependent minor recites that the State's allegations were proven "by a preponderance of the evidence." However, since the only evidence presented was the State's exhibits and Gorelik's admission and stipulation, and no

additional incriminating evidence or stipulation was received from respondent, the custodial parent, we are not persuaded that the allegations were, in fact, proven.

¶ 22 We hold that the trial court properly accepted Gorelik's admission and stipulation; it was admissible as against him, and although he admitted that he did not have personal knowledge of the representations made in the admission, he could be bound by it. We further hold that Gorelik's admission was not admissible as against respondent; respondent could not be bound by someone else's admission. Accordingly, the trial court committed error when it considered the admission for purposes of adjudicating the rights of respondent.

¶ 23                                III. CONCLUSION

¶ 24 For the reasons stated, we vacate the judgment of neglect, affirm as to all other matters including the dependency adjudication, and remand for further proceedings.

¶ 25 Affirmed in part and vacated in part.

¶ 26 Cause remanded.

---

**No. 2-20-0691**

---

| | |
|---|---|
| **Cite as:** | *In re T.C.*, 2021 IL App (2d) 200691 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Lake County, No. 19-JA-200; the Hon. Valerie Boettle Ceckowski, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | John E. Murphy, of Wilmette, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Eric F. Rinehart, State's Attorney, of Waukegan (Patrick Delfino, Edward R. Psenicka, and Stephanie Hoit Lee, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | Lindsay G. Johnson, of Meyers & Johnson, LLC, of Waukegan, guardian *ad litem*. |

---